**THOMAS ASSOCIATES INVESTIGATIVE AND CONSULTING SERVICES, INC.**

v.

**GPI LTD., INC. and George P. Irish, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1998.

Filed April 22, 1998.

Joseph G. Murray, Wilkes-Barre, for appellants.

Kevin J. Dempsey, Scranton, for appellee.

Before POPOVICH and JOYCE, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Appellants GPI LTD., Inc. and George P. Irish appeal from an order entered in the Court of Common Pleas of Wayne County dismissing their petition to strike and/or open a confession of judgment. We reverse.

On November 4, 1996, Appellee obtained a confessed judgment against Appellants in the amount of $12,845.91 in the Court of Common Pleas of Lackawanna County. The Prothonotary of Lackawanna County mailed to defense counsel a copy of the judgment and a notice that judgment had been entered on November 5, 1996 pursuant to Pa.R.C.P. 236 ("judgment notice"). On February 24, 1997 Appellee caused the judgment to be transferred to Wayne County. Pa.R.C.P. 3002. That same day, Appellee filed a praecipe for writ of execution instructing the Sheriff of Wayne County to execute on Appellant's property in order to collect the judgment. See Pa.R.C.P. 2957. The following day the Prothonotary of Wayne County issued a second judgment notice to the Appellants. On March 5, 1997 the Appellant filed a Petition to Open and/or Strike Judgment by Confession.[1] On May 19, 1997 Appellee served a Rule 2958.1 Notice of Judgment and Execution ("execution notice") on counsel for Appellant. See Pa.R.C.P. On June 17, 1997 Appellant filed a Second Petition to Open and/or Strike Judgment by Confession. On July 24, 1997 the court issued an opinion and order denying Appellant's second petition because "[d]efendant was notified in November of 1996 but did not bring his Petition till [sic] June of 1997 well beyond the thirty (30) day request [sic]." It is from that order that Appellant appeals. GPI and Marsh raise only one issue for our consideration: "whether the Petition to Strike or Open Confession of Judgment was timely filed." We find that, under the revised confession of judgment rules, the petition was timely. We, therefore, reverse.

Prior to 1996, the procedure for opening or striking a judgment was well settled. It has long been held that to open a confessed judgment a petitioner must *act promptly* and aver a meritorious defense. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967). Although a motion to strike does not have the same equitable characteristics as a petition to open, it was held that a motion to strike must also be made within a reasonable time after the entry of judgment. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Eastman Kodak Co. v. Osenider,* 127 Pa.Super. 332, 193 A. 284 (1937). The courts continued to require the prompt filing of a motion to strike after

1. The record does not reveal how this petition was resolved.

the enactment of Pa.R.C.P. § 2959 (June 27, 1969) (relating to the striking off or opening of confessed judgments). *See Duque v. D'Angelis,* 390 Pa.Super. 136, 568 A.2d 231 (1990); *Osttowski v. Smith,* 315 Pa.Super. 321, 461 A.2d 1301 (1983); *Triangle Building Supplies & Lumber Co. v. Zerman,* 242 Pa.Super. 315, 363 A.2d 1287 (1976).

■ In 1996, the rules relating to confession of judgment were substantially revised. Amendments and new rules were passed on April 1, 1996 and took effect on July 1, 1996.[2] Pa.R.C.P. 2950 et seq. The rules were revised in two major respects. First, the procedure for confession of judgment in consumer credit transactions was abolished. Second, new provisions were added which require notice prior to or contemporaneous with execution on a confessed judgment.[3] Pa.R.C.P. 2950, Explanatory Comment–1996. Only the latter are relevant to this appeal.

As will be explained in more detail below, the Civil Procedural Rules Committee has now tied the promptness requirement to the execution notice. Pa.R.C.P. § 2959(a)(3) (as amended April 1, 1996) (stating "If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service"). The execution notice, however, has no timeliness requirement; the judgment creditor may delay execution until the judgment debtor acquires sufficient assets to satisfy the judgment. Therefore, under the revised rules, timely filing of the petition to strike and/or open means within thirty days from a notice of execution which need not be timely at all.

The 1996 revisions to the confession of judgment provisions were enacted at the behest of the Court of Appeals for the Third Circuit. *See Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1271 (3rd Cir.1994) (stating "procedural rules which included [due process] protections could largely avoid the problems the parties to this case face and, at the same time, preserve the legitimate aspects of a creditor's remedy that

has shown its commercial utility from colonial times to the present"); Pa.R.C.P. 2950, Explanatory Comment–1996 (II) ("The provisions for notice are intended to aid the bench and bar in complying with *Jordan.*"). The due process clause of the United States Constitution proscribes the taking of property without due process of law. *U.S. Const. amend. XIV, § 1.* This issue, as it relates to confessed judgments and execution thereon, was discussed at length in *Jordan.* That court first found that "Pennsylvania's practice in allowing the entry of judgments by confession is not unconstitutional." *Id.* at 1270. The court determined, however, that "[u]nlike the procedure for entry of a judgment by confession, writs of execution and attachment involve actions by state officials that plainly involve or threaten the use of legal force." *Id.* at 1267. Accordingly, the court held that Pennsylvania's practice of permitting "writs of execution to be enforced on confessed judgments without providing any means for securing a pre-deprivation hearing or obtaining prompt post-seizure relief," was a deprivation of due process. *Id.* at 1271.

Pennsylvania Rule of Civil Procedure 2956.1(c)(2) governs executions upon a confessed judgment. Relevant portions of that section provide as follows:

**Rule 2956.1. Execution Upon a Judgment Entered by Confession**

\*　　\*　　\*

(c) Execution upon a judgment entered by confession . . . to which a petition to open or strike the judgment has not been filed, shall be

\*　　\*　　\*

(2) conditioned upon the service of notice on the defendant in the judgment as provided by either

(i) **Rule 2958.1 at least thirty days prior to the filing of the praecipe for the writ of execution,** or

---

**2.** Appellee confessed judgment on November 4, 1996, and therefore, the revised rules are controlling in this matter.

**3.** A writ of execution is used to attach a debt that is owed by a debtor to a creditor. *Johnson v. Beane,* 420 Pa.Super. 193, 616 A.2d 648 (1992); Pa.R.C.P. 3101(b)(1).

(ii) Rule 2958.2 with the notice of sale of real property, or

(iii) Rule 2958.3 with the writ of execution.

Pa.R.C.P. 2956.1(c)(2) (emphasis added).

Under this framework, a plaintiff has the option of giving notice prior to the execution under subsection (i) or as part of the execution process under subsections (ii) or (iii), whichever is applicable. See Pa.R.C.P. Rule 2956.1(c)(2), Note. Once a plaintiff has chosen to proceed under subsection (i), however, he may not thereafter proceed under subsection (ii) or (iii). Pa.R.C.P. 2958.4(a). Here, Appellee gave notice pursuant to Rule 2956.1(c)(2)(i) on May 19, 1997, and it is bound thereby.

The procedure for striking or opening a judgment is embodied in Pa.R.C.P. 2959(a)(3), as amended, which provides in part:

**Rule 2959. Striking Off or Opening Judgment. Pleadings. Procedure.**

(a)(1) . . . all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can, demonstrate compelling reasons for the delay, a petition not timely filed shall be denied.

The above-quoted language requires that the petition to strike and/or open a judgment be filed within thirty days of "such service." Such service refers back to service of the notice required "pursuant to Rule 2956.1(c)(2)."

■ The prescribed form of notice states "YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS." Pa.R.C.P. Rule 2964. Therefore, we believe it clear that the plaintiff had up until thirty days after service of the Rule 2956.1(c)(2) motion to file its peti-

tion. Any other interpretation would render the form of notice misleading.

■ The trial court erred in finding that the judgment notice issued pursuant to Rule 236 was sufficient to start the timeliness clock. Rule 236 requires that the *prothonotary* give written notice to the defendant that a *judgment* has been confessed against him or her. To the contrary, Rule 2956.1(c)(2) requires the *plaintiff* to serve notice on the defendant that he or she intends to *execute* on the defendant's property. The latter situation employs the sheriff, a state actor, to take the defendant's property and thereby raises substantial due process concerns not implicated by the entry of judgment. *Jordan, supra.* Presently, the clock did not begin to run until Appellee served the execution notice on May 19, 1997, less than thirty days prior to the filing of Appellant's second petition. Therefore, we find that Appellant's petition was timely.

■ This case illustrates a dilemma with the revised rules. The due process right to a hearing that arises upon execution trumps the long established right of the Appellee to claim laches. "Laches bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another." *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988). Prejudice results from the dissipation of evidence that occurs when a defendant has not been forced to file its petition in a timely manner. Therefore, under the revised rules, a plaintiff's attorney should now file a notice of execution when the judgment is obtained and force the defendant to file a petition to open and/or strike or lose that right. The legislature might have amended the rules and forms so as to start the "promptness" clock running from the notice of judgment. However, as Justice Benjamin Cardozo explained: "We do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take the statute as we find it." *Anderson v. Wilson,* 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004 (1933).

Order reversed and case remanded. Jurisdiction relinquished.