**GREATER NORTH AMERICAN FUNDING CORP. Appellee**

v.

**TARA ENTERPRISES, INC., and Binod Sinha, Appellants**

Superior Court of Pennsylvania.

Argued Sept. 25, 2002.
Filed Dec. 20, 2002.

William T. Renz, Doylestown, for appellants.

Ron Z. Opher, Southeastern, for appellee.

Before: McEWEN, P.J.E., TODD and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.

¶ 1 This is an appeal from the Order denying Appellants' Petition to Open and/or Strike Judgment of Confession entered by Appellee. The issue in this case concerns the procedural rules for the timely filing of petitions to open and/or strike confessed judgments. For the following reasons, we affirm the order of the trial court, although on different grounds. *See Pennsylvania Game Comm'n v. State Civil Service Comm'n (Toth)*, 561 Pa.19, 747 A.2d 887, 888 n.1 (2000) (citations omitted) (an appellate court may affirm the correct result of court below without regard to grounds relied upon by that court).

¶ 2 In February 1996, Appellant Tara Enterprises, Inc. (Tara) executed two Promissory Notes, both for $85,000, to Appellee. The loans were part of a larger business deal involving the construction and inventory of several convenience stores located in New Jersey and Pennsylvania.[1]

---

* Retired Justice assigned to Superior Court.

1. Throughout the record the stores are identified by their location. For example, a

¶ 3 The first Promissory Note (Note 1) was signed by Renu Sinha in her capacity as Secretary of Tara Enterprises.[2] Approximately two weeks later Renu Sinha executed on behalf of Tara another Promissory Note (Note 2), which lists Appellant Binod Sinha (Sinha) as guarantor. The Note identifies 606 Valley Road, Gillette, NJ 07933, as the location for Store # 2, and names Sinha as guarantor to Gillette # 1 and Gillette # 2.

¶ 4 Both Notes included confession of judgment clauses, and after Appellants defaulted, Appellee confessed judgment on the Notes on January 28, 1997.[3] However, Appellants took no action on the judgment until an assignee filed a notice of foreign judgment/execution in New Jersey in April of 1999. On June 7, 2000, approximately 3½ years after the judgment was entered, Appellants filed the instant Petition to Strike and/or Open the Judgment.[4]

¶ 5 In their petition, Appellants alleged that Sinha signed only Note 2 as guarantor, and as a result, a judgment against them for the value of both notes was a fatal defect on the face of the record. The trial court declined to strike the judgment, finding that Sinha had signed Note 2 as guarantor for both Notes, and declined to open the judgment finding that Appellants' petition had not been promptly filed. Further, the court found no merit in Appellants' assertion that the confessed judgment was barred by *res judicata.* This appeal followed.

¶ 6 Appellants present the following questions:

I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANTS' PETITION TO STRIKE THE JUDGMENT

II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANTS' PETITION TO OPEN THE JUDGMENT

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND THE JUDGMENT BY CONFESSION WAS BARRED BY THE DOCTRINE OF *RES JUDICATA*

(Appellants' Brief at 5).

Prior to 1996, the procedure for opening or striking a judgment was well settled. It has long been held that to open a confessed judgment a petitioner must act promptly and aver a meritorious defense. Although a motion to strike does not have the same equitable characteristics as a petition to open, it was held that a motion to strike must also be made within a reasonable time after the entry of judgment.

*Thomas Associates v. GPI Ltd., Inc.,* 711 A.2d 506, 507 (Pa.Super.1998) (internal citations omitted). In 1996, the confession of judgment rules were significantly amended. Pennsylvania Rule of Civil Pro-

planned store in Gillette, NJ, was temporarily named "Gillette # 1" during the planning phases of the business deal. That store was later expanded, and the addition termed "Gillette # 2." Finally, a store to be built in Chester, PA, was appropriately named "Chester."

2. Renu Sinha is Appellant Binod Sinha's wife.

3. A single judgment covers both Notes.

4. Sinha stated that he delivered the confessed judgment to his former counsel immediately upon receipt in January 1997. In April 1999, he discovered that former counsel had taken no action. Sinha accepted former counsel's assurances that the judgment would be dismissed; however, former counsel again failed to take action. Finally, in February of 2000, Appellants sought new counsel, and in June 2000, the instant petition was filed.

cedure 2959 now requires that a petition to strike and/or open a judgment be filed within thirty days of the notice of execution. "A petition not timely filed shall be denied." Pa.R.C.P. 2959(a)(3).

¶ 7 Here, Appellee filed the praecipe for writ of execution pursuant to Pa.R.C.P. 2958.3 on January 28, 1997.[5] The Bucks County Prothonotary's Docket Sheet as well as a time/date stamped receipt demonstrate that "Notice of Defendant's Rights Under Pa.R.C.P. 2958.3" was provided to Appellants on January 28, 1997. The docket sheet also reveals that the Notice was mailed in accordance with the notice requirements of Pa.R.C.P. 236.

¶ 8 Although there is no record of the actual date of service, Appellants' Petition to Open/Strike Off Judgment By Confession avers that they received a copy of the judgment by confession and supporting documents in either February or March, 1997.[6] (Defendant's Petition to Open/Strike Off Judgment By Confession at 6, ¶ 27). Consequently, even if Appellants had received service on Monday, March 31, 1997, the deadline for filing their Petition would have been Wednesday, April 30, 1997. Because of the approximate 37-month gap between the notice of execution and the filing of the petition, the petition was untimely. *Thomas, supra; see also PNC Bank v. Kerr,* 802 A.2d 634, 638 (Pa.Super.2002).

¶ 9 Moreover, prior to the 1996 adoption of new procedural rules, a court acting in equity could have opened a confessed judgment only when the petitioner "acted promptly, alleged a meritorious defense and presented sufficient evidence of that

defense to require submission of the issues to the jury." *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.,* 506 Pa. 439, 485 A.2d 1086, 1088 (1984). In that case, our Supreme Court observed that "[t]he crucial factor in determining whether a petition is timely is not the specific time which has elapsed but rather the reasonableness of the explanation given for the delay." *Id.* Appellants became aware of former counsel's negligence in failing to respond to the initial confession of judgment when they received the notice of foreign execution in April, 1999. Despite knowledge of former counsel's lack of due diligence, Appellants continued to rely on him. Their misplaced reliance is not a reasonable explanation for the additional 14-month delay.

¶ 10 Finally, Appellants contend that the judgment by confession, indeed any litigation, is barred by the doctrine of *res judicata* because of a prior New Jersey suit. Under this doctrine, a final judgment on the merits by a court of competent jurisdiction will prevent any relitigation of issues that involve the same parties and the same cause of action. *Yamulla Trucking & Excavating Company, Inc. v. Justofin,* 771 A.2d 782, 784 (Pa.Super.2001), *appeal denied,* 566 Pa. 686, 784 A.2d 119 (2001). However, the New Jersey litigation involved different parties, different issues, and different causes of action than the present case. *See Tara Enterprises, Inc. v. Dari–Bar Management Corp.,* New Jersey Superior Court Docket # C–262–96. As a result, this claim fails.

5. The *Note* following Rule 2958.3 states: "Rule 2959(a)(3) requires a petition for relief from a confessed judgment to be filed within thirty days after service of notice pursuant to this rule."

6. The confessed judgment and supporting documents were attached to Appellants' petition as "Exhibit A" and included both the Rule 236 Notice and the Rule 2958.3 Notice.

¶ 11 Accordingly, the trial court properly denied Appellants' Petition to Open and/or Strike Judgment.

¶ 12 Order affirmed.