M & P MANAGEMENT, LP, Appellee

v.

Michael WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 2, 2005.

Filed May 16, 2006.

Bruce W. Bellingham, Philadelphia, for appellant.

Peter E. Meltzer, Philadelphia, for appellee.

BEFORE: JOYCE, STEVENS, and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the April 21, 2005 order entered by the Court of Common Pleas of Philadelphia County denying as untimely Defendant/Appellant's petition to strike confessed judgment entered against him. The lower court determined that amended Pa.R.C.P. 2959(a)(3), which provides that a petition not filed within 30 days of the notice of execution shall be denied, precluded judicial review of Appellant's petition filed two years after Appel-

lant received notice. *See M & P Mgmt, LP v. Williams*, 2005 Phila. Ct. Com. Pl. LEXIS 291 (2005). We affirm.

¶ 2 The lower court's opinion aptly states the factual and procedural history of this case as follows:

On June 10, 1993, [defendant/Appellant] Michael D. Williams executed a Promissory Note with [plaintiff/Appellee] M & P Management, LP, for $89,200.00 which contained a Confession of Judgment provision. On April 29, 1994 the parties amended the note. The amended note did not contain any Confession of Judgment provision. On July 29, 1997, the parties executed a second promissory note for $73,444.00 which contained a Confession of Judgment provision. On April 10, 1998, the parties amended this note. The amended note did not contain any Confession of Judgment provision. On July 5, 2001, [Appellee] notified [Appellant] of default under both promissory notes.

On September 28, 2001, [Appellee] filed a Complaint in Confession of Judgment for both notes and entered judgment in the amount of $196,102.112 against [Appellant]. On October 11, 2001, the prothonotary entered judgment and assessed damages against [Appellant].

On February 25, 2003, [Appellant] was served with a writ of execution and a notice of sheriff's sale for the sale of [Appellant's] properties located at 3201 W. Cecil B. Moore Ave. and 1629 N. 33rd Street in Philadelphia. On May 6, 2003, [Appellant] filed a pro se bankruptcy petition. On June 12, 2003, the petition for bankruptcy was dismissed. On December 2, 2003, [Appellee] conducted a sheriff's sale at which [Appellant's] property was sold.

Almost two years later, on February 24, 2005, [Appellant] filed the instant petition to strike confessed judgment. On

March 16, 2005, [Appellee] filed an answer to [Appellant's] petition. [After a series of replies and answers,] oral arguments were held [on April 21, 2005], and ... the Court denied [Appellant's] petition to strike confessed judgment. On May 4, 2005, [Appellant] filed a timely appeal to the Pennsylvania Superior Court.

According to [P.R.C.P.] 2959(a)(3), 'If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition [to strike confessed judgment] shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.' ... [Appellant] missed this deadline by twenty-three months. [Appellant's] failure to file a timely petition may be excused if he offers a compelling reason for the almost two year delay in filing. [He offered no such reason].

In [his] petition, [Appellant] argues[ ] the confession of judgment was void *ab initio* [because neither promissory note amendment reproduced the confession of judgment paragraph contained on the original notes,] and [was] therefore not subject to any time limitations for filing. For the purposes of this decision, [the lower court] assumed that the amended promissory notes did not contain confession of judgment provisions.

\*   \*   \*   \*   \*   \*

[Relying on *Greater N. Am. Funding Corp. v. Tara Enters.*, 814 A.2d 258 (Pa.Super.2002), and the plain language

of Rule 2959, the lower court held that all stated grounds for striking a judgment, including voidness, were subject to Rule 2959's time limitations.] None of the reasons offered by [Appellant] [were held] sufficient or compelling for explaining why [he] waited two years to file the instant petition to strike confessed judgments. For the above mentioned reasons, and in accordance with Rule 2959(a)(3), [Appellant's] petition to strike confessed judgment [was] denied.

Opinion of the Lower Court, dated 6/22/05 at 1–4 (emphasis added).

¶ 3 On appeal, Appellant argues that the new timeliness provisions contained in the 1996 amendments to Rule 2959 do not apply to petitions to strike judgments deemed void.[1] Only petitions to strike judgments deemed voidable or valid were ever subject to common law timeliness requirements in existence prior to the amended rule, Appellant contends, and so it stands that the amended rule's new timeliness provision would not, without expressly so stating, impose a first-time time limit on petitions to strike void judgments. We disagree.

¶ 4 In *Greater North American, supra*, upon which the lower court relied in part, this Court summarized the evolution of timeliness requirements governing petitions to open or strike confessed judgments:

Prior to 1996, the procedure for opening or striking a judgment was well settled. It has long been held that to open a confessed judgment a petitioner must act promptly and aver a meritorious de-

---

1. Appellant's claim is based on the fact that neither of the two amended promissory notes in question contained a confession of judgment paragraph above his signature. He alleges, therefore, that he did not authorize a confession of judgment upon executing the amended promissory notes, such that the con-

fessed judgment against him is void. *See Centennial Bank v. Germantown–Stevens Academy*, 277 Pa.Super. 134, 419 A.2d 698, 700 (1980) ("Where judgment is confessed against a party who has not authorized the same, however, the judgment is void.").

fense. *Although a motion to strike does not have the same equitable characteristics as a petition to open, it was held that a motion to strike must also be made within a reasonable time after the entry of judgment.* Thomas Associates v. GPI Ltd., Inc., 711 A.2d 506, 507 (Pa.Super.1998) (internal citations omitted). In 1996, the confession of judgment rules were significantly amended. Pennsylvania Rule of Civil Procedure 2959 now requires that a petition to strike and/or open a judgment be filed within thirty days of the notice of execution. "[Unless the defendant can demonstrate that there were compelling reasons for the delay,] a petition not timely filed shall be denied." Pa.R.C.P. 2959(a)(3).

*Greater N. Am. Funding Corp.,* 814 A.2d at 260–61 (emphasis added) (internal brackets added).

¶ 5 Though this summary clearly and accurately expresses the general rule of timeliness with respect to petitions challenging the validity of confessed judgments, two points of clarification are in order. The first is that the common law requirement that a petition to strike be made "within a reasonable time" was only applicable to judgments deemed voidable or valid. *Bethlehem Steel Corp. v. Tri State Industries, Inc.,* 290 Pa.Super. 461,

434 A.2d 1236, 1239 (consent judgment case reviewing general rule that petitions to strike off voidable or valid judgments must be made within a reasonable time). Confessed judgments deemed void, in contrast, could be stricken off at any time. "Being void, [the confessed judgment] is a nullity and without legal effect. Hence the passage of time does not enter into a consideration of its validity. For this reason, laches does not prevent [debtor/defendant] from attacking the judgment." *Centennial Bank,* 419 A.2d at 700.[2]

¶ 6 The second point is that the significant changes effected by amended Rule 2959(a)(3) stem from the rule's tying its timeliness requirements to the execution notice rather than to the judgment as had been done in the past. The new rule specifically responded to a 1994 Third Circuit Court of Appeals decision[3] finding a due process deprivation inherent in the prior Pennsylvania practice of enforcing writs of execution on confessed judgments without any means for a debtor to secure a pre-deprivation hearing or obtain prompt post-seizure relief. *Thomas Associates,* 711 A.2d at 508; Rule 2959 Explanatory Comment—1996. One consequence of this revision is that a petition to strike a voidable judgment is no longer subject to a

---

**2.** Though all petitions to strike a judgment must charge that a fatal defect in the judgment appears on the face of the record, only those most essential defects, jurisdictional in nature, are held to render a confessed judgment void. *See generally Flynn v. Casa Bertacchi Corp.,* 449 Pa.Super. 606, 674 A.2d 1099, 1105 (1996) ("A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment."). We have further described the void/voidability distinction this way:

> By labeling a judgment "defective" or "irregular" or "invalid" one does not dispose

of the ultimate issue of whether the defect, irregularity or invalidity renders the judgment void or voidable, but rather merely begs the question.... The defect [on the face of the judgment] is clear, but is it a defect that renders the judgment void, that is, of no effect, potency or value, irretrievably and incurably lost? Or is the judgment rendered merely voidable at the instance of the [debtor]?

*Keiper v. Keiper,* 494 A.2d 454, 456 (Pa.Super.1985).

**3.** *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250 (C.A.3 1994).

laches claim, regardless of the unreasonable passage of time between judgment and petition. "The due process right to a hearing that arises upon execution trumps the long established right of the Appellee to claim laches." *Thomas Associates,* 711 A.2d at 509.

¶ 7 It was this particular consequence, that petitions to strike which were once required under common law to be filed within a reasonable time after judgment must now under rule of civil procedure be filed within 30 days after receipt of notice of execution, that *Greater North American* recognized in amended Rule 2959. *Greater North American* does not, however, without more, lend insight into whether petitions historically subject to no timeliness requirement are now, for the first time, also subject to the rule's 30 day time limit.[4] We do not, therefore, share the lower court's reliance on *Greater North American* in deciding the issue before us.

¶ 8 Instead, we look to Rule 2959 itself to determine if its 1996 amendment brought petitions to strike void judgments within the purview of its new 30 day filing deadline. When interpreting the Rules of Civil Procedure, Pa.R.C.P. 127, "Construction of Rules. Intent of Supreme Court Controls," provides:

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Pa.R.C.P. 127.

Rule 2959(a)(3) provides, in pertinent part:

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition.

&ast; &ast; &ast; &ast; &ast; &ast;

(3) If written notice [of execution of the judgment] is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can dem-

---

4. The defendant/debtor in *Greater North American* filed with the lower court a petition to strike and/or open a confessed judgment based on the argument that one of two promissory notes encompassed in the judgment lacked a requisite debtor signature as guarantor. Such a claim sounds in the nature of voidness. Significantly, the lower court determined that the signature was, in fact, present, and thus denied the petition to strike on that basis.

Defendant/debtor's precise appellate argument against the denial of the petition to strike cannot be inferred from the *Greater North American* panel decision. Nor does the decision make the legal determination of whether the petition challenged an allegedly void or voidable judgment, or make the factual determination of whether the promissory note bore sufficient signatures, but instead enters directly into a discussion on the timeliness of the petition. This order of review might, at first, seem to imply that newly amended Rule 2959 renders moot the void/voidability distinction and requires all petitions, regardless of the nature of the judgment challenged therein, to be filed within 30 days of notice of execution. However, the analysis in *Greater North American* specifically refers to the pre-amendment, common law requirement "that a motion to strike must also be made within a reasonable time after the entry of judgment." As explained *supra,* pre-amendment timeliness requirements were pertinent only to petitions to strike voidable judgments. Accordingly, *Greater North American* cannot be held to have overruled by implication settled jurisprudence that void confessed judgments may be stricken without regard for the passage of time.

onstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

Pa.R.C.P. 2959(a)(1) and (3).

¶ 9 The clear language of the amended Rule compels the conclusion that the 30 day filing deadline applies to all petitions to strike, including petitions to strike void judgments. The rule provides that all grounds for relief from a confessed judgment must be raised in a Rule 2959 petition; such petition shall be filed within 30 days after proper notice of execution; and any petition not timely filed shall be denied. So worded, the mandate that all petitions to strike shall be subject to the 30–day deadline could not be more clear. Moreover, the timeliness requirement has only one specified exception—a compelling reason for the delay, which reason would factor in the due process considerations infusing the new rule.

¶ 10 Significantly, the prior incarnation of Rule 2959 contained no timeliness provision whatsoever, which left intact the common law principles that void confessed judgments were susceptible to petitions to strike regardless of the passage of time. Indeed, in the absence of a rule of procedure setting time limits on petitions to strike, the common law has required courts to first ascertain the nature of a judgment prior to ascertaining the timeliness of the petition challenging it. *Williams v. Wade*, 704 A.2d 132, 134–35 (Pa.Super.1997) (discussing sequence of review conducted on petitions to strike default judgments). This sequence of review was necessary because, as explained *supra*, different timeliness standards applied depending on whether the judgment sought to be stricken was void or voidable.

¶ 11 Despite this longstanding jurisprudence on how the void/voidability distinction determines the timeliness of petitions, the Pennsylvania Supreme Court, in its rule-making authority, promulgated a timeliness provision in amended Rule 2959 that adopts none of the common law principles which had previously governed. Not only has amended Rule 2959 imposed a filing deadline where there was none before, but it also makes that deadline apply to any petition to strike, regardless of the nature of the underlying judgment. In so wording Rule 2959, the Pennsylvania Supreme Court has clearly abrogated prior common law distinctions on timeliness, and replaced them with one, all-encompassing stricture on when a petition to strike a confessed judgment shall be filed. The new rule thus obviates the need to consider the nature of the confessed judgment under attack prior to considering the timeliness of the petition.

¶ 12 Due process infirmities with the former method of executing confessed judgments may have prompted the Court to amend Rule 2959, but the rule as written couples a debtor's right to notice and a hearing with an obligation to present all grounds for relief within 30 days of such notice. In one rule, therefore, are promoted both the individual's vital constitutional rights and society's vital interest in the finality of judgments cleared for execution.

¶ 13 In the case *sub judice*, Appellant filed his petition to strike well beyond the 30 day time limit and without compelling reason for the delay. Accordingly, we discern no error with the order below denying Appellant's untimely petition to strike confessed judgment.

¶ 14 Order is affirmed.