J-S06018-17

2017 PA Super 168

| ROBERT LECHOWICZ | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD MOSER | : | |
| | : | |
| Appellant | : | No. 1889 EDA 2016 |

Appeal from the Order Entered May 24, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2007-01129

BEFORE:   MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

OPINION BY RANSOM, J.:                                    **FILED MAY 31, 2017**

Appellant, Edward Moser, appeals from the order entered May 24, 2016, denying his petition to open and/or strike a confession of judgment entered against Appellant in favor of Appellee, Robert Lechowicz, pursuant to a judgment note arising out of legal services rendered to Appellant.  We affirm.

The relevant facts and procedural history are as follows.  Moser retained Lechowicz to represent him in a variety of business litigation matters, including: **Knox v. Moser**, Mont. Cty. CCP No. 1998-01833; **The Moser Group v. Staufer**; Bucks Cty. CCP No. 1997-08307; **The Moser Group v. David Cavalier**; Mont. Cty. CCP No. 1997-21186; **Moser Construction Company v. OCAL**, Mont. Cty. CCP No. 1997-21179; and the

_____

[*] Former Justice specially assigned to the Superior Court.

"Lynn Rose Plaza Matter." *See* Petition to Open and/or Strike Judgment, 9/12/2014, at ¶ 12 (hereinafter "Petition"). In addition, Moser engaged Lechowicz as defense counsel against allegations brought by Timoney Knox LLP to collect legal fees for services rendered by Attorney John Knox during Moser's divorce (hereinafter "the Knox litigation"). *See id.* at ¶¶ 13-15. In February 2004, Moser executed a judgment note confessing $55,000.00 in favor of Lechowicz and an affidavit waiving any rights or defenses. *See* Affidavit Accompanying Judgment Note, 2/9/2004.

In February 2007, Lechowicz filed a complaint for confession of judgment in the Bucks County Court of Common Pleas. The court promptly entered judgment for $55,000.00 against Moser. In November 2013, Lechowicz filed a writ to revive the judgment. The court entered a judgment on the docket in the revived amount of $89,257.16. Thereafter, in September 2014, Moser filed a petition to open and/or strike the judgment that was accompanied by a memorandum of law. Following additional briefing and oral argument, the court denied and dismissed Moser's petition to open and/or strike. *See* Order, 5/24/2016. Moser timely filed a notice of appeal and court-ordered 1925(b) statement. The court issued a responsive opinion.

On appeal, Moser raises the following issues:

1. Did the [court] err when it held that the issue of time was dispositive regarding the [p]etition to [o]pen/[s]trike [j]udgment?

2. Did the [court] err when considering the consumer nature of the transaction when it held that [Appellant] failed to [show a defect on the face of the record or] a bona fide defense on the merits, namely that the use of judgment by confession was per se illegal?

3. Did the [court] err when it failed to open judgment to allow [Appellant] to contest the reasonableness and amount of claimed legal fees as it is a matter of law that the issues of reasonableness and amount of legal fees is always open to review[?]

Appellant's Br. at 7-8 (reordered for ease of analysis).[1]

Moser appeals from the order denying his petition to open and/or strike a confession of judgment. Our standard of review is as follows.

> We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *First Union National Bank v. Portside Refrigerated Services*, 827 A.2d 1224, 1227 (Pa. Super. 2003). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. [*First Union Nat'l Bank*, 827 A.2d at 1227]. Similarly, we review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion. *Id.*; *PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa. Super. 2002) ("A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.").

*ESB Bank v. McDade*, 2 A.3d 1236, 1239 (Pa. Super. 2010).

---

[1] Mr. Moser identified four issues, but presents a single argument with regard to whether the court erred in "considering the consumer nature of the transaction." Accordingly, we address the issues together. *See* Pa.R.A.P. 2119(a).

A confession of judgment action is a proceeding to enter a judgment by confession of money in which "[t]he rules requiring and establishing the form of notices to defend and to plead in ordinary civil complaints do not apply." *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 625-26 (Pa. Super. 2013) (quoting Pa.R.C.P. 2952(b) cmt.); *see also* Pa.R.C.P. 1003 ("Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties."). To enter a judgment of confession, the creditor files a complaint for confession of judgment along with the judgment note signed by the party to be bound pursuant to Pa.R.C.P. 2950 through 2967. *Midwest*, 78 A.3d at 626. According to Rule 2956, the prothonotary shall enter judgment in conformity with the confession and provide Rule 236 notice to the debtor. Pa.R.C.P. 2956; Pa.R.C.P. 236. Though the entry of a confessed judgment lacks the hallmarks of an adversarial proceeding, "it has all the qualities of a judgment on a verdict." *Midwest*, 78 A.3d at 626 (quoting *O'Hara v. Manley*, 12 A.2d 820, 822 (Pa. Super. 1940)).

A petition to strike operates as a demurrer to the record only if the petitioner can show a fatal defect or irregularity on the face of the record. *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013) (citing *Graystone Bank v. Grove Estates*, 58 A.3d 1277 (Pa. Super. 2012); *see also Resolution Trust Corp. v. Copley Qu-Wayne Assoc.*, 683 A.2d 269, 273 (Pa. 1996). "If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such

record are disputed, then the remedy is by a proceeding to open the judgment and not to strike." *Resolution Trust Corp.*, 683 A.2d at 273 (internal citations omitted).

First, Moser contends the court erred in finding the untimeliness of his petition dispositive to any arguments raised in his petition. *See* Appellant's Br. at 21. The court found Moser failed to act promptly to open the judgment and failed to provide any explanation to excuse the delay, rendering any defenses asserted in his petition untimely and subject to waiver. *See* Trial Ct. Op. (TCO), 8/17/2016, at 10-12 (citing in support cases relevant to default judgment).

Prior to amendments to the rule governing confession of judgments, a petition to open and/or strike a judgment by confession had to be filed promptly or within a reasonable time from the entry of judgment. *See, e.g., King Athletic Sporting Goods v. Redevelopment Auth.*, 393 A.2d 18, 20 (Pa. 1978); *B. Lipsitz Co. v. Walker*, 522 A.2d 562, 564 (Pa. Super. 1987); *Bethlehem Steel Corp. v. Tri State Industries, Inc.*, 434 A.2d 1236, 1239 (Pa. Super. 1981) (superseded by legislation). However, in 1996, the rules relating to confession of judgment were substantially revised and now require the creditor to provide notice to the debtor prior to or contemporaneous with the execution on a confessed judgment. Pa.R.C.P.

2950, cmt. (1996).[2]  As amended, the rule ties the common law requirement of promptness to notice of execution; a defendant must promptly file their petition to open and/or strike within thirty days from such notice.  ***Thomas Assocs. Investigative & Consulting Services, Inc. v. GPI Ltd., Inc.***, 711 A.2d 506, 508 (Pa. Super. 1998); ***see*** Pa.R.C.P. 2959(a)(3).

The rule, as amended, states:

> *If* written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service.   Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

Pa.R.C.P. 2959(a)(3) (emphasis added).  As this Court explained,

---

[2] The change occurred in light of ***Jordan v. Fox, Rothschild, O'Brien & Frankel***, 20 F.3d 1250, 1272 (3rd Cir. 1994), in which the Third Circuit recognized that "a court faced with a due process challenge to a confessed judgment should always inquire whether the judgment debtor's execution of a document permitting judgment by confession is a valid waiver of his constitutional right to pre-deprivation notice and hearing."  Thus, "the key event becomes execution not confession, the due process concerns behind adoption of the new rules seem equally valid in any case no matter how long the period between confession and execution."  ***PNC Bank v. Kerr***, 802 A.2d 634, 639-40 (Pa. Super. 2002); ***see also Great N.A. Funding Corp. v. Tara Enterprises, Inc.***, 814 A.2d 258, 261 (Pa. Super. 2002) ("Pennsylvania Rule of Civil Procedure 2959 now requires that a petition to strike and/or open a judgment be filed within thirty days of the notice of execution.").

Another key revision was that the use of a confession of judgment in consumer credit transactions was abolished.  ***See*** Pa.R.C.P. 2950, cmt. (1996).   For a further discussion of this prohibition, ***see also***, ***infra*** (discussing Appellant's second argument).

The execution notice, however, has no timeliness requirement; the judgment creditor may delay execution until the judgment debtor acquires sufficient assets to satisfy the judgment. Therefore, under the revised rules, timely filing of the petition to strike and/or open means within thirty days from a notice of execution which need not be timely at all.

*Thomas Assocs.*, 711 A.2d at 508; *see also* Pa.R.C.P. 2959.1(c)(2) (conditioning timeliness requirement of a petition to open and/or strike on service of notice of execution).

Here, the prothonotary issued Rule 236 notice of judgment entered to Moser in February 2007. Lechowicz filed a praecipe to revive the judgment in November 2013 to account for interest on the unpaid balance. However, Lechowicz never served Moser with notice of execution. Pa.R.C.P. 236 notice is insufficient to invoke the thirty-day requirement of Rule 2959.1, as this Court explained:

Rule 236 requires that the prothonotary give written notice to the defendant that a judgment has been confessed against him or her. To the contrary, Rule 2956.1(c)(2) requires the plaintiff to serve notice on the defendant that he or she intends to execute on the defendant's property. The latter situation employs the sheriff, a state actor, to take the defendant's property and thereby raises substantial due process concerns not implicated by the entry of judgment.

*Thomas Assocs.*, 711 A.2d at 508 (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1272 (3rd Cir. 1994)).

Without notice of execution in either instance, the promptness requirement of Rule 2959 did not attach, and the clock did not begin to run. *Thomas Assocs.*, 711 A.2d at 508. Thus, contrary to the trial court's ruling, the former, common law timeliness requirement did not render any

arguments made in Moser's petition waived. *Id.* Accordingly, we find Moser's petition timely.

Although we conclude the trial court denied Moser's petition for an incorrect reason, this Court may affirm a decision on any proper legal ground. *Williams v. Wade*, 704 A.2d 132, 135 (Pa. Super. 1997) (citing *Schimp v. Allaman*, 659 A.2d 1032 (Pa. Super. 1995)). Thus, we shall proceed to the merits of his petition.

In his second issue, Moser contends that the court erred in failing to strike the judgment as illegal because it arose out of a consumer credit transaction. According to Moser, at least a portion of the legal services rendered by Lechowicz in regard to the Knox litigation were personal in nature, as they related to his divorce. To the extent that Lechowicz rendered legal services and did not require Moser to pay in advance for these services, Moser asserts that the note and affidavit constituted an extension of credit by Lechowicz to Moser. *See* Appellant's Br. at 16-19 (citing in support Pa.R.C.P. 2950).

Pennsylvania Rule of Civil Procedure 2950 precludes judgment by confession in connection with a consumer credit transaction. *Willits v. Fryer*, 734 A.2d 425, 428 (Pa. Super. 1999) (striking judgment where two natural persons entered into promissory note to finance closing costs to effect sale of a home); Pa.R.C.P. 2950. A "consumer credit transaction" is defined as:

a credit transaction in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes.

Pa.R.C.P. No. 2950.

Moser's argument is without merit. On the face of the record, there is no evidence to support Moser's contention that the note represented an extension of credit in exchange for legal services. To the contrary, Lechowicz attached to his complaint an affidavit in which he attested that the debt incurred by Moser was not the result of a consumer credit transaction. Thus, the record is self-sustaining. *Resolution Trust Corp.*, 683 A.2d at 273. Further, as Moser asserts no other fatal defect, the court did not err in denying Moser's petition to strike. *ESB Bank*, 2 A.3d at 1239.[3]

---

[3] On appeal, Moser does not seek opening the judgment based on allegations of a consumer credit transaction. *See* Appellant's Br. at 19 (concluding only that judgment should be stricken). Thus, he has abandoned that claim on appeal. Nevertheless, we note the following. Disputed evidence of a consumer credit transaction *could* support a meritorious defense. Moreover, in *Willits*, this Court suggested that, in some circumstances, legal fee arrangements could be interpreted as a consumer credit transaction. *Willits*, 734 A.2d at 428 (citing in support *Dougherty v. Hoolihan, Neils, and Boland, Ltd.*, 531 F.Supp. 717, 721 (D. Minn. 1982); *see also Bochetto v. Piper Aircraft Co.*, 94 A.3d 1044, 1050 (Pa. Super. 2014) (noting that we may rely on federal authority as persuasive).

In *Dougherty*, clients signed a personal promissory note secured by a mortgage in exchange for continued legal services in an upcoming criminal matter. Interpreting the federal Truth in Lending Act broadly, the court

*(Footnote Continued Next Page)*

Finally, Moser contends that the court erred in denying his petition to open to contest the reasonableness of the legal fees incurred. Moser makes a series of bald assertions, proclaiming that his petition presented a "bona fide defense" and that it is his "unfettered right" to challenge the amount and reasonableness of counsel fees. Appellant's Br. at 20.

Moser does not support this claim with any citation to pertinent legal authority.[4] Further, Moser never actually claims that the legal fees incurred were unreasonable, and he has offered no evidence in support thereof. Rather, Moser merely claims that he retains the right to challenge them.

The Rules of Appellate Procedure require the argument section of an appellate brief to include "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010); *see also In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) ("This Court will not

*(Footnote Continued)* _____

found that this transaction constituted a consumer credit transaction. *Id.* at 721. The facts here are easily distinguishable, as there is no evidence that Lechowicz extended Moser credit, whether secured or not, in exchange for continued legal services. To the contrary, the amount confessed represented fees for services previously rendered.

[4] The only case cited by Moser in this portion of his argument, *Shaffer v. Smith*, 648 A.2d 26 (Pa. Super. 1994), holds that "a criminal conviction collaterally estops the defendant from denying his acts in a subsequent civil trial." It is, thus, completely inapposite here.

- 10 -

consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue.").

Moser's bald assertions cannot provide the basis for a meritorious defense. **See Ferrick**, 69 A.3d at 647 (noting that a judgment of confession will not be opened unless the court determines that the petitioner presents a meritorious defense upon which relief could be afforded if proven at trial and there is sufficient evidence to require submission of the issue to a jury). Accordingly, he has waived this claim on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017