J-A02007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CJD GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY AND NYIESHA HOPKINS | : | |
| | : | |
| Appellants | : | No. 1148 MDA 2018 |

Appeal from the Order Entered May 17, 2018
In the Court of Common Pleas of York County Civil Division at No(s):
2017-SU-001319

BEFORE: LAZARUS, J., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED DECEMBER 13, 2018**

Anthony and Nyiesha Hopkins (the Hopkinses) appeal, *pro se*, from the trial court's order granting Appellee CJD Group, LLC's (CJD) motion for judgment on the pleadings[1] in this ejectment action. After review, we quash the appeal.

---

[1] Pursuant to Pa.R.C.P. 1034, "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a).

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

CJD is a limited liability company located in Lancaster, Pennsylvania. The Hopkinses were residents of a home located at 2 Eagleton Drive, in York, Pennsylvania. On February 13, 2017, CJD purchased the Eagleton Drive property at a sheriff's sale after the Hopkinses defaulted on their mortgage. On March 29, 2017, the York County Sheriff signed the deed for the Eagleton Drive property over to CJD; the deed was properly recorded on the same date.

When the Hopkinses failed to vacate the property, CJD instituted the underlying ejectment action. The Hopkinses filed their answer and counterclaims; the answer only generally denied the allegations in the complaint and failed to include any facts to support the counterclaims. CJD filed its reply to the Hopkinses' counterclaim on September 18, 2017.

On February 26, 2018, CJD filed a motion for judgment on the pleadings. In its motion, CJD averred that the Hopkinses had no legitimate defense to its ejectment action and that it was entitled to "immediate physical possession of the [p]roperty[,] costs of $2,500.00, plus unliquidated costs, rental arrearages of $24,000.00, plus $2,200.00 per month for each month after February 2018, and reasonable attorney's fees incurred in pursuing th[e] action." Plaintiff's Motion for Judgment on the Pleadings, 2/26/18, at 4. The

_____

***Rourke v. PA Nat'l Mutual***, 116 A.3d 87, 91 (Pa. Super. 2015). Furthermore, "[w]e will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." ***Century Sur Co. v. Essington***, 140 A.3d 46, 51 (Pa. Super. 2016).

court granted the motion, concluding that there was no disputed issue of fact that "Plaintiff has established an immediate right to the possession of the property at 2 Eagleton Drive, York, Pennsylvania, 17407[,] and it is entitled to judgment as a matter of law." Order Granting Plaintiff's Motion for Judgment on the Pleadings, 5/17/18, at 4. Specifically, the court found the following facts: (1) CJD was not in possession of the property; (2) the Hopkinses admitted they were still in possession of the property; (3) CJD purchased the property as a result of a mortgage foreclosure; and (4) CJD recorded the deed on the property. Thus, the court concluded that CJD is the legal owner of the property and has the immediate right to possess it. *Id.* at 5.

The Hopkinses filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On appeal, the Hopkinses raise the following issue:

> Is defendant entitled to a new trial because the court violated defendant's rights under the Confrontation Clause by admitting evidence without testimony or victim, who did not complete a direct examination and thus was entirely unavailable for cross-examination, [and t]he court rejected defendant's counter[]claim to CJD ejectment action without direct examination to a jury, R.266a, notwithstanding that defendant did not receive any opportunity to cross-examine.

Appellants' Brief, at 8.

The Hopkinses' issue is, at best, confusing. Moreover, it in no way relates to the issues raised in their Rule 1925(b) concise statement. *See Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 320-21 (Pa.

Super. 2015) (Superior Court will not address issue presented in statement of questions involved where no corresponding analysis included in brief). However, most fatal to this appeal is the fact that the Hopkinses' appellate brief[2] contains no cogent discussion or analysis explaining how the court erred in granting CJD's motion for judgment on the pleadings or any authority to support its appeal.[3]  It is well-established that this Court will not consider an argument that is undeveloped.  *Lechowicz v. Moser*, 164 A.3d 1271, 1276 (Pa. Super. 2017) (Superior Court will not consider argument that is not properly developed); *In re C.R.*, 113 a.2d 328 (Pa. Super. 2015) (our Court will not consider argument when appellant fails to cite legal authority or otherwise develop issue).

_____

[2] Rather, the argument section of the appellate brief rambles on about how the court granted the motion "without proof of what CJD Group[,] LLC], claim[s] to be fact[,] . . . that M.H. was not placed under oath[,] and CJD has yet to testifying [sic] in the presence of the judge, the attorney, for the plaintiff[.]"  Appellants' Brief, at 11.

[3] In fact, the only legal authority cited in the Hopkinses' brief is 42 Pa.C.S.A. § 5984.1, a statute that concerns the recorded testimony of child victims and witnesses.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/13/2018