J-A27004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-23 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| SUSAN J. SCRENCI AND JOSEPH J. SCRENCI | : : : | |
| Appellants | : | No. 252 EDA 2019 |

Appeal from the Order Entered December 12, 2018
In the Court of Common Pleas of Bucks County Civil Division at No(s): 2012-05828-27

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 24, 2020**

Susan J. and Joseph J. Screnci (collectively "the Screncis") appeal from the order that granted the motion for summary judgment filed by New York Mellon ("the Bank") and entered an *in rem* judgment in favor of the Bank and against the Screncis.  We affirm.

The trial court summarized the history of this case as follows:

> This is a mortgage foreclosure case.  On October 18, 2006, the Screncis executed a promissory Note (the "Note") in which they promised to repay a mortgage loan from America's Wholesale Lender (the "Originating Lender") in the principal amount of three hundred thirty-six thousand dollars ($336,000).  The Note was endorsed in blank by Countrywide Home Loans, Inc., a New York Corporation doing business as (d/b/a) America's Wholesale

---

[*] Retired Senior Judge assigned to the Superior Court.

Lender. The mortgage loan was secured by a mortgage (the "Mortgage"), executed by the Screncis granting Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for the Originating Lender, a first priority mortgage lien against the real property located at 714 Mine Road, Quakertown, PA 18951 (the "Property").

On November 21, 2006, the Mortgage was recorded in the Office of the Recorder of Deeds in Bucks County at instrument number 2006127000. The Mortgage was later assigned to the Bank by MERS. On June 7, 2011, the assignment of the Mortgage to the Bank was recorded in the Office of the Recorder of Deeds in Bucks County at instrument number 2011039944. The Bank possesses the Note endorsed in blank.

The Screncis defaulted on the mortgage loan by failing to pay the January 1, 2011 mortgage payment and the payments due each month thereafter in violation of the Note and Mortgage.

Trial Court Opinion, 4/8/19, at 1-3 (footnotes and unnecessary capitalization omitted).

After sending the requisite notices, the Bank filed a complaint in mortgage foreclosure in June 2012. Following litigation of preliminary objections, discovery, and the denial of the Bank's first motion for summary judgment, the trial court granted the Bank's renewed motion for summary judgment by order of December 12, 2018.[1] The order entered an *in rem*

---

[1] The order was dated December 3, 2018, and was filed December 6, 2018, but December 12, 2018, was the day of notation on the docket that notice was sent to the parties as required by Pa.R.C.P. 236. Hence, the date of entry of the order is December 12, 2018. **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

judgment in favor of the Bank and against the Screncis in the amount of $530,708.16 plus interest. The Screncis filed a timely notice of appeal, and both the Screncis and the trial court complied with Pa.R.A.P. 1925.

The Screncis present five questions for this Court's review, all of which pertain to their contention that the Bank failed to establish that it owns the debt at issue. *See* Screncis' brief at 8-9. Upon our review of their brief, we conclude that the Screncis have waived all of their claims of error.

"The Rules of Appellate Procedure require the argument section of an appellate brief to include 'citation of authorities as are deemed pertinent.' Pa.R.A.P. 2119(a)." *Lechowicz v. Moser*, 164 A.3d 1271, 1276 (Pa.Super. 2017). The Screncis' appellate brief is utterly devoid of citations to the record as is required by Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]"). Rather, they make various bald assertions about deficiencies in the chain of title and issues of material fact without once advising this Court where in the voluminous record the documents supporting their position may be found.

Furthermore, the Screncis have completely disregarded their obligation to cite legal authority to support their arguments. Here, the Screncis claim that the mortgage is a nullity, challenge the legal authority of certain persons

to sign documents or assign the debt, and suggest that Pennsylvania statutory and case law about the meaning of a "d/b/a" designation warrants reversal in this case. However, there is not a single citation in the brief to a statute or a court's decision.

"It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion." *Lechowicz*, *supra* at 1276. Rather, we have held that "[f]ailure to include citations to relevant authority constitutes waiver of [the] issue on appeal." *Davis v. Borough of Montrose*, 194 A.3d 597, 610-11 (Pa.Super. 2018). *See also Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1119 (Pa.Super. 2019) (holding claims waived "because they are undeveloped and lack citation to pertinent legal authority"); *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1264 (Pa.Super. 2017) (finding issue waived where the appellant's "argument consists of one paragraph with no citation to authority or developed analysis").

Therefore, because the Screncis have waived all of their issues on appeal, we affirm the order entering judgment in favor of the Bank. *See*, *e.g.*, *U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua*, 193 A.3d 994, 999 n.3 (Pa.Super. 2018) (providing proper disposition of appeal when issues are waived is to affirm the trial court's order).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/24/20</u>