John A. ADEMA
v.
GREAT NORTHERN DEVELOPMENT
CO. et al.
Civ. A. No. 1033.

United States District Court,
N. D. Georgia,
Newnan Division.
June 1, 1973.

Monroe & Lemann, New Orleans, La., for Adema.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., Jones, Bird & Howell, Atlanta, Ga., for Westinghouse Credit Corp.

ORDER

HENDERSON, District Judge.

This is a suit brought pursuant to the Interstate Land Sales Full Disclosure Act (15 U.S.C. § 1701 et seq.) and the Truth in Lending Act (15 U.S.C. § 1601 et seq.) for damages and equitable relief for the alleged failure of the defendants to make proper disclosure in the sale of certain real property.

One of the three defendants, Westinghouse Credit Corporation (hereinafter referred to as "WCC") filed a motion for summary judgment. The plaintiff subsequently moved to amend or supplement his complaint. In essence, the motion of WCC is based on the premise that neither of these Acts apply to its participation in the transactions in dispute.

The plaintiff purchased seven (7) lots from the defendants, Great Northern Development Co. (hereinafter referred to as "Great Northern") and its subsidiary, Treasure Lake of Georgia, Inc. (hereinafter referred to as "Treasure Lake"), in a recreational land development in Carroll and Douglas Counties, Georgia, for investment purposes. (See Deposition of John A. Adema, plaintiff, March 1, 1973, at pp. 9–35, 39–51). The plaintiff was engaged in the business of

buying recreational lots for investment (Adema Dep. at p. 151). The acquisition of these lots at Treasure Lake was made for the purpose of later resale (Adema Dep. at pp. 54, 55, 161) and not for the personal use of the plaintiff (Adema Dep. at pp. 54, 161). The plaintiff had no dealings with WCC except to mail his payments to it, since WCC was "holding all the papers involved." (Adema Dep. at p. 163). The plaintiff seeks to rescind the sales agreements and promissory notes between the parties and for a refund of monies paid thereon, plus damages and costs.

■ The Interstate Land Sales Act at 15 U.S.C. § 1703 prohibits certain acts of a "developer" or an "agent" relating to the sale or lease of lots in subdivisions. The Act at 15 U.S.C. § 1701 defines a developer and an agent as follows:

(4) 'developer' means any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision.

(5) 'agent' means any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease any lot or lots in a subdivision . . . .

At the time of the transactions, WCC was neither an agent nor a developer. It was financing the purchase of lots at Treasure Lake, Georgia. There is no evidence that WCC sold or leased any Treasure Lake property or acted as an agent for one selling or leasing property at the resort community. The plaintiff, in fact, testified that the lots he purchased at Treasure Lake were sold by one Mr. Zippay, a salesman for the property owner, Treasure Lake, a subsidiary of Great Northern (Adema Dep. at pp. 38–51, 144, 154, 164, 165). He specifically stated that WCC was the lending institution and that his (plaintiff's) dealings were with the developers of the project—"Great Northern and Treasure Lake of Georgia". (Adema Dep. at pp. 164–65). Further evidence of the relationship of the defendants is the contract of October 20, 1970 (Exhibit B) between WCC, Great Northern, Treasure Lake and Mr. and Mrs. James C. Dunbar, Jr. This agreement clearly demonstrates the parties' intention that WCC would make direct loans to purchasers of lots at Treasure Lake and nothing more.

The plaintiff, in opposition to WCC's motion for summary judgment, alleges that all the defendants were engaged in a joint venture or common enterprise namely, the development and promotion of Treasure Lake. This argument is premised on the theory that WCC was vested with "full and complete title to" the property it financed by the October 20, 1970 agreement (Exhibit B, ¶ (g) and (f)). These sections merely provide that WCC will finance purchases made at Treasure Lake. Paragraph 5(c) of Exhibit B warrants that the deed to secure the debt executed by the purchaser to WCC will be the first lien upon the land conveyed thereby and that there will be no other adverse claims taking precedence over WCC's interest. The plain meaning of these terms of the agreement between the defendants does not convey to WCC such a property interest which would make the defendants joint venturers. It only provides for the financing of purchases at Treasure Lake and warrants to the lender that the purchaser takes his property unencumbered.

■ Alternatively, the complaint seeks relief under the provisions of the Consumer Credit Protection Act (Truth in Lending Act), 15 U.S.C. § 1601 et seq. The Act does not apply to credit extensions "for business or commercial purposes". 15 U.S.C. § 1603(1). By the plaintiff's own admission (Adema Dep. at pp. 42, 152, 161) the Treasure Lake lots he purchased were for investment purposes and not for personal use. Consequently, he would not be a consumer within the meaning of the Act. In

**320**

defining the word "consumer", 15 U.S.C. § 1602(h) provides:

> The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes.

■ Finally, the Act provides for a one year statute of limitations. 15 U.S.C. § 1640(e). The plaintiff purchased the lots in August of 1970 and he filed suit on August 30, 1972 (Treasure Lake ˙Exhibit 1–A—1–G). Therefore, even if the Truth in Lending Act was applicable to WCC, the action would be barred by the statute of limitations.

The plaintiff's motion to amend his complaint applies solely to WCC. The evidence presented on this motion for summary judgment fails to substantiate the allegations of the proposed amendment so as to create a genuine issue of fact for trial.

Accordingly, the defendant's motion for summary judgment is granted. There being no just reason for delay, the clerk of this court is directed to enter judgment in favor of the defendant, Westinghouse Credit Corporation against the plaintiff.