George WILLITS & Joyce Willits, his wife, Appellees,

v.

Thomas L. FRYER, II and Melinda A. Fryer, Appellants.

Superior Court of Pennsylvania.

Submitted April 14, 1999.
Filed July 7, 1999.

---

Paul D. Welch, Jr., Lock Haven, for appellants.

Scott T. Williams, Williamsport, for appellees.

Before McEWEN, President Judge, and FORD ELLIOTT and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 On July 26, 1996, Thomas and Melinda Fryer ("appellants") signed a promissory note, whereby George Willits loaned appellants $2,900.00 and appellants agreed to pay Mr. Willits monthly payments of $38.16. Appellants signed this note shortly before closing on the purchase of a residential home owned by George and Joyce Willits ("appellees"), in order to finance their closing costs. Appellants failed to make any monthly payments under the note; therefore, on August 18, 1998, appellees petitioned for a confession of judgment based on the language of the signed note. On September 4, 1998, appellants petitioned to open and/or strike the judgment by confession. On October 8, 1998, after conducting a hearing on the merits, the court below issued an order denying appellants' petition to open and/or strike the judgment. This timely appeal follows.

¶ 2 Appellants present this Court with the following question(s):

1. Whether the Court of Common Pleas committed error of law in:

    A. Failing to consider whether the Appellants are natural persons;

    B. Failing to consider that the instrument was signed by Appellants in connection with a consumer transaction;

    C. Failing to consider the circumstances under which Appellants signed the instrument in question;

    D. Failing to consider whether Appellants knowingly waived any due process rights which they might have by signing the instrument;

    E. Failing to consider that Appellants could and should be able to assert various defenses to enforcement of the Note based upon defects in the property purchased for which the underlying instrument was signed; and

    F. Failing to consider the ambiguous language contained in the instrument.

Appellants' brief, at 4. After reviewing appellants' arguments, we reverse the decision of the court below and remand for further proceedings in light of our decision.

¶ 3 When reviewing the denial of a petition to open and/or strike a judgment by confession, our scope of review is well settled:

On appeal from the denial of a petition to strike an order or judgment, a trial court will be reversed only if there is a manifest abuse of discretion or error of law. In order to meet this burden, the petitioner must act promptly, allege a meritorious defense, and provide sufficient evidence to create an issue for the jury.

*Crum v. F.L. Shaffer Co.*, 693 A.2d 984, 986 (Pa.Super.1997) (citing Pa.R.C.P. 2959(e); *Peoples Bank v. Dorsey*, 453 Pa.Super. 94, 683 A.2d 291 (1996)); *see also Dollar Bank v. Northwood Cheese Co.*, 431 Pa.Super. 541, 637 A.2d 309, 311 (1994).

¶ 4 Appellant first argues that the trial court erred in applying Rule of Civil Procedure 2950 to the case at bar. Pennsylvania Rules of Civil Procedure 2951 and 2952, as amended in 1996, forbid the entry of a judgment by confession taken against "natural person[s] in connection with a consumer credit transaction...." Pa. R.C.P. 2951(a)(2); Pa.R.C.P. 2952(a)(3). "Consumer credit transactions" as broadly defined in Rule 2950 include: "credit transaction[s] in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. 2950.

¶ 5 As no other court in this Commonwealth has considered the breadth or meaning of the definition of "consumer credit transaction" under Rule 2950, this is a case of first impression. Here, we are asked to consider whether a promissory note *signed by appellants in order to* finance the closing costs related to the purchase of their primary residential home constitutes a "consumer credit transaction." We find that this promissory note did constitute a "consumer credit transaction" as defined in Rule 2950; thus, appellees' attempt to seek judgment by confession in this case was improper.

■ ¶ 6 When construing a rule of civil procedure, our objective is to ascertain and effectuate the intent of our Supreme Court. Pa.R.C.P. 127(a). In so doing, we begin with a presumption that the Supreme Court did not intend language to exist as mere surplusage; therefore, "[e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). Further, as explained in Rule 127(c):

[w]hen the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same and similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

*Id.* Since the Court's explanatory comments to Rule 2950 do not relate to the scope or meaning of the definition of consumer credit transaction, we must consider the definition based on its plain meaning and turn to other jurisdictions for guidance.

■ ¶ 7 Under the plain meaning of the definition, it appears that a transaction financing closing costs for the purchase a residential home is a "transaction ... primarily for personal, family or household purposes." Pa.R.C.P. 2950. The purchase of a residential home is both personal in nature and related to family and household purposes.

¶ 8 Additionally, based on the remarkable similarity in language, we find the definition of "consumer" adopted by the United States Congress in the Consumer Credit Protection Act also provides guidance. *See* 15 U.S.C.A. § 1602 (1998). The

congressional definition of "consumer" is almost identical to our Commonwealth's definition of "consumer credit transaction":

> The adjective "consumer," used with reference to a credit transaction characterizes the transaction as one *in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.*

15 U.S.C.A. § 1602(h) (1998) (emphasis added). Turning to existing case law interpreting the definition of "consumer," we find that the federal courts have found a wide variety of transactions including those involving credit for home improvement, investment loans, and legal fee arrangements all to be "consumer credit transactions." *See, e.g., Tower v. Moss,* 625 F.2d 1161 (5th Cir.1980); *Dougherty v. Hoolihan, Neils, & Boland, Ltd.,* 531 F.Supp. 717 (D.Minn.1982); *Adema v. Great Northern Dev. Co.,* 374 F.Supp. 318 (N.D.Ga.1973).

¶ 9 Similarly, turning to the language of Rule 2950, we find that the Supreme Court intentionally adopted a broad definition for "consumer credit transactions" in order to ensure fairness for the people of this Commonwealth when they engage in credit transactions relating to personal, family, and household matters. A promissory note between two natural persons signed in order to finance closing costs and effectuate the sale of a home directly relates to personal, family, and household matters. As a result, we find that the plain meaning of Rule 2950, combined with Rules 2951 and 2952, prohibits appellees from seeking judgment by confession based on this promissory note. Appellants' petition to strike the judgment by confession should have been granted, and appellees' judgment should have been stricken.

■ ¶ 10 Additionally, even if we were to find that the promissory note was not a "consumer credit transaction" under the meaning of Rule 2950, we would still reverse the decision of the lower court on other grounds. Appellants argue that the trial court erred in denying their petition to open and/or strike the judgment by confession because the promissory note is ambiguous on its face. After reviewing the language of the promissory note, we must agree with appellants.[1]

¶ 11 As drafted by representatives of appellees, the payment terms of the promissory note are not clear on the face of the instrument. The payment terms of the promissory note read as follows: "Two (2) years after date we promise to pay to the order of George D. Willits Twenty-nine Hundred ($2900.00)—Dollars at his residence in monthly payments of $38.13 per month, including principal and interest With interest 8 1/4% and without defalcation, value received[ ] (9 yr. Amortization with 2 yr. Balloon)[.]" Promissory Note, 7/22/96 (attached to Confession of Judgment, 8/18/98, as exhibit "A"). Under the express language of the promissory note, it is unclear whether appellants were obligated to begin payments to appellees as of August 1996 or as of July 1998. Appellees sought confession of judgment in August 1998, one month following one of the possible repayment dates, but over two years after another possible repayment date. As a result, we find that the ambiguities inherent in the terms of the note are directly

---

1. We note that appellees argue that appellants waived this issue on appeal as the issue did not appear in either appellants' petition to open and/or strike the judgment or appellants' statement pursuant to Rule 1925(b). Upon review of the record, we find that appellants did list this issue in their statement pursuant to Rule 1925(b), thus we do not deem this issue waived. *See* Statement Pursuant to PA. R.A.P.1925(b), 11/20/98, at 1 ("The Court committed error of law in entering its Order ... in that the underlying Note and Confession of Judgment was not clear and was not non-ambiguous on its face.").

relevant to the validity of any judgment in this case. Therefore, we find that appellants' have "allege[d] a meritorious defense[ ] and provide[d] sufficient evidence to create an issue for the jury." *See, e.g., Dollar Bank v. Northwood Cheese Co.*, 431 Pa.Super. 541, 637 A.2d 309, 311 (1994).[2]

¶ 12 Reversed, and case remanded for further proceedings in light of our holding. Jurisdiction relinquished.

---

**2.** As we find that appellees' judgment by confession was improperly obtained based on Rule 2950 as well as the ambiguities of the underlying note, we need not reach the merits of appellants' other contentions.