**Mley v. Leonhardt**

352

C.P. of Lawrence County, No. 20570 of 2012, D.S.B.

*Bradley S. Dornish*, for plaintiffs.
*Daniel I. Herman*, for defendant.

PICCIONE, *J.*, Sept. 22, 2014—Before this court for disposition is the petition to strike and/or open judgment by confession of judgment filed on behalf of Chris and Helga Mley (hereinafter, the "Mleys"), and the motion for partial summary judgment, motion to dismiss petition to open and/or strike, and the motion to sever, all filed on behalf of Barbara Leonhardt (hereinafter, "Leonhardt") in the above-captioned cases.

The relevant facts are as follows: On or about November 4, 1999, the Mleys entered into an installment land contract for the purpose of purchasing residential property from Raymond E. McQuiston and Mabel V. McQuiston (hereinafter, collectively, the "McQuistons") for One Hundred Eleven Thousand Five Hundred Dollars ($111,500.00). Pursuant to the contract, the Mleys were to make an initial down payment and to render the remaining purchase price in one hundred eighty (180) monthly installments beginning on November 1, 1999

and ending on October 1, 2014. Raymond and Mabel McQuiston passed away in March 2010 and April 2007, respectively. Raymond McQuistion appointed Leonhardt as executrix of his will. In May 2011, Leonhardt informed the Mleys she was the sole beneficiary of the Raymond E. McQuiston and Mabel V. McQuiston Revocable Trust, which contains the property interest which is the subject of the installment land contract. The Mleys began making the required monthly payments to Leonhardt from that day forward.

In October 2011, the Mleys secured a loan for the purpose of paying off the balance remaining on the installment land contract and informed Leonhardt that they intended to pay the remaining balance. Leonhardt refused to accept any prepayment by the Mleys and demanded the Mleys continue to make monthly payments until the termination date.

On February 23, 2012, the Mleys filed at case number 10217 of 2012, civil action, a complaint for declaratory judgment (hereinafter, the "declaratory judgment action") seeking a declaration of their rights under the installment land contract. On March 2, 2012, Leonhardt filed preliminary objections to [the Mleys'] complaint. Thereafter, judgment was entered by confession against the Mleys at case number 20570 of 2012, D.SB., upon Leonhardt's complaint in confession of judgment filed by Leonhardt alleging breaches of the terms of the installment land contract. Oral argument was held in this court regarding the preliminary objections in the declaratory judgment action on May 29, 2012. On June 27, 2012, the Mleys filed a petition to open and/or strike judgment entered by confession. On July 2, 2012, pursuant to Pennsylvania Rule of Civil Procedure 2959(b), this court

issued a Rule upon Leonhardt to Show Cause why the relief requested by the Mleys should not be granted. On August 7, 2012, the Mleys presented a motion to consolidate the captioned cases, and Leonhardt presented a motion to stay the declaratory judgment action pending disposition of the confession of judgment action. By order of court and opinion dated September 18, 2012, the court granted the Mleys' motion to consolidate, denied Leonhardt's motion to stay, and overruled Leonhardt's preliminary objections.

On October 9, 2012, Leonhardt filed an answer and new matter to the complaint in civil action for declaratory judgment. On October 29, 2012, the Mleys filed a reply to [Leonhardt's] new matter to plaintiff's complaint for declaratory judgment. The parties engaged in extensive discovery, taking a number of depositions, which are filed of record. On July 30, 2013, Leonhardt filed the motion for partial summary judgment, wherein Leonhardt argues that the Mleys' contention that the installment land contract should be treated as a residential mortgage is unsupported by the law of this Commonwealth. On August 7, 2013, the Mleys filed an answer to Leonhardt's motion for partial summary judgment, in which the Mleys oppose Leonhardt's contentions. Additionally, on August 19, 2013, the Mleys filed a motion to dismiss petition to open and/or strike or to order briefing schedule and argument. On August 20, 2013, Leonhardt filed a motion to sever, in which Leonhardt requests this court sever the civil action from the confession of judgment action. Oral argument was heard on April 28, 2014, after the filing of briefs, relative to all of the aforesaid pending motions and petitions, which will be addressed seriatim.

I. Motion to Dismiss Petition to Open and/or Strike

In the motion to dismiss petition to open and/or strike

(hereinafter, the "motion to dismiss") the judgment entered against the Mleys by confession, Leonhardt argues that the Mleys have waived their right to proceed to litigation since they had never filed a brief in support of their position. Leonhardt requested that this court either dismiss Mley's motion to strike and/or open judgment by confession of judgment or set a briefing schedule and a date for argument on the issues rose in the Mley's motion.

Without expressly granting Leonhardt's motion to dismiss, the court has set a briefing schedule following a pretrial conference and has scheduled a date for argument on the issues in the Mley's motion. Therefore, the instant motion to dismiss petition to open and/or strike is hereby dismissed as moot.

## II. Petition to Strike and/or Open Judgment by Confession

As stated above, judgment was entered by confession against the Mleys upon Leonhardt's filing the complaint in confession of judgment on May 25, 2012, pursuant to a provision in the installment land contract. The complaint contains the appropriate averment, as required by Pa.R.C.P. 2952(a), that judgment was not entered by confession pursuant to a consumer credit transaction. Leonhardt does not aver that the Mleys have failed to pay the requirement installments under the installment land contract; rather, Leonhardt alleges that the Mleys have failed to carry out other terms of the contract. Specifically, Leonhardt alleges that the Mleys have failed to maintain the property for agricultural purposes, which is leading to deterioration of the realty, in violation of the installment land contract.

On July 3, 2012, the Mleys filed a petition to strike and/or open judgment by confession (hereinafter, the

"petition"), wherein the Mleys argue that the judgment entered by confession on May 25, 2012 is in violation to the laws of this Commonwealth. Specifically, the Mleys argue judgment by confession is prohibited in connection with a consumer credit transaction. The Mleys assert that the installment land contract into which the parties entered constitutes a consumer credit transaction, which renders the confession of judgment improper.

Initially, the court notes that judgment was entered by confession against the Mleys on May 25, 2012. The Mleys received actual notice of the judgment on May 29, 2012. The Mleys then filed the instant petition on June 27, 2012. Rule 2959 of the Pennsylvania Rules of Civil Procedure provides that a petition to open or strike a judgment entered by confession must be filed within thirty days after service of the judgment. Since the Mleys filed the petition within thirty days of notice of the judgment, the petition to strike and/or open judgment by confession of judgment has been timely filed.

A petition to strike a judgment entered by confession is "a common law proceeding which operates as a demurrer to the record." *Resolution Trust Corp. v. Copley Qu-Wayne Associates*, 683 A.2d 269, 273 (Pa. 1996). A court may strike a confessed judgment "only for a fatal defect or irregularity appearing on the face of the record." *Id.* When considering a petition to strike judgment, the court is limited to a review of the record. *Id.* "[I]f the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike." *Id.*

In contrast to the legal remedy to strike a confessed judgment, a petition to open a confessed judgment is equitable in nature, and controlled by Pa.R.C.P. 2959.

*Crum v. F.L. Shaffer Co.*, 693 A.2d 984, 986 (Pa.Super. 1997). The court may consider other evidence in the record, such as depositions, in determining whether to open a judgment entered by confession. *Resolution*, 683 A.2d at 273. "A judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury." *First Seneca Bank & Trust Co. v. Lauren Mountain Development Corp.*, 485 A.2d 1086, 1088 (Pa. 1984). Rule 2959 provides the procedure for striking or opening a judgment by confession. Pa.R.C.P. 2959. Rule 2959 provides, in pertinent part, that judgment by confession may be opened by the filing of a petition, which includes all grounds for relief. *Id.* The Rule continues that if a petition to strike or open a judgment by confession "states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings." *Id.* at 2959(b).

"Except as otherwise provided in this chapter [regarding the confession of judgment for possession of property], the procedure in an action to enter a judgment in ejectment for possession of real property by confession pursuant to an instrument ... authorizing such confession shall be in accordance with the rules relating to confession of judgment for money." Pa.R.C.P. 2970. The rules relating to confession of judgment for money provide a definition of a "consumer credit transaction." A consumer credit transaction is "a credit transaction in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. 2950. A confession of judgment is

prohibited "as it would apply to an instrument executed in connection with a consumer credit transaction." *Id.* Note.

The Pennsylvania Superior Court in *Willits v. Fryer*, 734 A.2d 425 (Pa. Super. 1999), considered the scope and meaning of a consumer credit transaction. The court stated that under the plain meaning of the definition, "it appears that a transaction financing closing costs for the purchase of a residential home" comes within the meaning of a consumer credit transaction. *Id.* at 427. The court reasoned that "[t]he purchase of a residential home is both personal in nature and related to family and household purposes." *Id.* Ultimately, the court decided that a promissory note used to secure financing on a house was considered to be a consumer credit transaction, and entering judgment by confession based upon this promissory note was prohibited. *Id.* at 428.

Additionally, the Superior Court in *ESB Bank v. McDade*, 2 A.3d 1236 (Pa. Super. 2010), found that a bank is not permitted to confess judgment in connection with residential mortgage loans. The court noted that residential mortgage loans qualify as consumer credit transactions, upon which judgment may not be entered by confession. *Id.* at 1242.

The Superior Court in *Anderson Contracting Co. v. Daugherty*, 417 A.2d 1227 (Pa. Super. 1979), specifically considered whether an installment land contract comes within the purview of Act No. 6, 41 P.S. § 404(a). In *Anderson*, the parties entered into an installment land contract for the purpose of purchasing residential property. *Id.* The defendants failed to make timely monthly payment and the plaintiff confessed judgment against them. *Id.* The defendants attempted to cure the default, and the plaintiff refused to accept their payment. *Id.* The defendants filed a

petition to open or strike the confessed judgment and the trial court denied the petition. *Id.* On appeal, the defendant argued that "a vendee in an installment land contract for the purpose of a residential dwelling has the right to cure a default thereunder in accordance with the provisions of Act No. 6[.]" *Id.* at 1232.

In *Anderson*, just as in the instant case, "the vendee takes possession and makes periodic installment payments until the balance of the contract price is paid." *Id.* at 1231. The vendor retains the legal title to the property until the contract is satisfied. *Id.* The Superior Court explained that "the vendor-vendee should be viewed as mortgagee-mortgagor." *Id.* (citations omitted). The court stated that "we hold that for the purposes of Act No. 6 a vendor under a land installment contract will be deemed to be 'secured by a lien upon real property[.]" *Id.*

Based upon the above case law, a mortgagor's interest in real property is tantamount to a vendee's interest in real property. The main distinction between a mortgage and an installment land contract is the time when legal and equitable title transfers from the seller to the buyer. However, the case law of this Commonwealth makes little distinction between a mortgage and an installment land contract with respect to legal proceedings that are commenced for the purpose of recovering possession of real property. As stated above, the Superior Court in *Anderson* held that Act No. 6 is equally applicable to installment land contracts and to mortgages, stating, "It is our opinion that the rights and remedies provided by Act No. 6, in particular, the cure provisions ....., should not be denied to a class of Pennsylvania home purchases solely because their obligation to pay the balance of the purchase price is evidenced and secured by a land installment contract as

opposed to some other transaction also designed to create a security interest in real estate." 417 A.2d at 1227, 1231. Accordingly, this court finds that the notice provisions of Act No. 6, 41 P.S. § 403, must also apply to buyers in the event of a default on an installment land contract. Consequently, since notice must be provided to the buyer, judgment may not be entered by confession pursuant to an installment land contract for the purchase of a residential dwelling. Furthermore, under these circumstances, since a vendee's interest is equivalent to a mortgagor's interest, an installment land contract entered into for the purposes of securing a residential property, must be determined to be a consumer credit transaction within the purview of Pa.R.C.P. 2950.

In the case *sub judice*, the Mleys aver and, in the complaint, Leonhardt states that the installment land contract was entered into with the Mleys for the purchase of residential property. Based upon the foregoing analysis, the instant installment land contract constitutes a consumer credit transaction, upon which confession of judgment was improperly entered pursuant to Pa.R.C.P. 2950. Further, it is also uncontroverted that the Mleys were not provided with proper notice as required under Act No. 6. These fatal defects are clear from the face of the record. As a result, this court hereby grants the Mley's petition to strike and/or open confession of judgment and strikes Leonhardt's complaint for confession of judgment.

### III. Motion for Partial Summary Judgment

On July 30, 2013, Leonhardt filed a motion for partial summary judgment, in which Leonhardt argues that the Mleys' contention that the installment land contract should be treated as a residential mortgage is unsupported by the law of this Commonwealth. Leonhardt requests this court

grant partial summary judgment and to rule as a matter of law that the installment land contract is not a consumer credit transaction and that 41 P.S. § 403 is inapplicable to the instant matter.

The analysis regarding the applicability of Act No. 6 and whether the instant installment land contract constitutes a consumer credit transaction has been addressed in the above petition to strike and/or open confession of judgment. The court found above that the installment land contract is a consumer credit transaction within the scope of Pa.R.C.P. 2950 and the Act No. 6 notice provisions are applicable to a vendee of an installment land contract, into which it was entered for the purpose of purchasing residential property. As such, Leonhardt's arguments are without merit and the motion for partial summary judgment is hereby denied.

## IV. Motion to Sever

Lastly, Leonhardt filed the motion to sever on August 20, 2013, in which Leonhardt requests this court sever the above captioned matters. Because this court struck the complaint in confession of judgment, above, this motion is now moot. As such, the motion to sever is hereby dismissed as moot.

## ORDER OF COURT

And now, this 22nd day of September, 2014, this case being before the court on April 28, 2014 for oral argument on the Mley's petition to strike and/or open judgment by confession, and on Leonhardt's motion to dismiss petition to open and/or strike, motion for partial summary judgment, and motion to sever, with Bradley S. Dornish, Esquire, appearing and representing the Mleys, and Daniel I. Herman, Esquire, appearing and representing Leonhardt, and after consideration of the arguments presented and

submitted by counsel, the court hereby orders and decrees as follows:

1. The Mleys' petition to strike and/or open judgment by confession is hereby granted pursuant to the attached opinion.

2. The complaint in confession of judgment at docket number 20570 of 2012, D.S.B is hereby stricken pursuant to the attached opinion.

3. Leonhardt's motion to dismiss petition to open and/or strike is dismissed pursuant to the attached opinion.

4. Leonhardt's motion for partial summary judgment is hereby denied pursuant to the attached opinion.

5. Leonhardt's motion to sever is hereby dismissed pursuant to the attached opinion.

6. The prothonotary shall properly serve notice of this order upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.