J-A26040-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| RODNEY ALLEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUNE CAMPBELL | : | |
| | : | |
| Appellant | : | No. 725 WDA 2018 |

Appeal from the Order Entered April 20, 2018
In the Court of Common Pleas of Fayette County Civil Division at No(s):
2294 of 2017, G.D.


BEFORE:   BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                FILED NOVEMBER 19, 2018

June Campbell (Appellant) appeals from the order "awarding judgment in favor of" Rodney Allen (Allen) in this confessed judgment case.[1]   Upon review, affirm.

On October 26, 2017, Allen filed a complaint for confession of judgment against Appellant, averring that on June 7, 1993 — 24 years earlier — he loaned $2,650 cash to Appellant in exchange for Appellant executing a promissory note in his favor.   Trial Court Opinion, 7/25/18, at 2.   The note provided for 12% annual interest beginning in July 1994, with payment due "on demand."   Id.   The note also stated that Appellant authorized confession

_____

[1] Although the trial court announced its ruling in open court on April 11, 2018, its written order was not filed and entered on the docket until April 20th.  We utilize the latter date in our references to the order, and amended the caption accordingly.

of judgment in favor of Allen for any unpaid amount. Allen did not make any demand on the note and eventually forgot about it until 2014. Allen thereafter requested payment, and when Appellant did not fulfill Allen's demand, Allen, on October 26, 2017, filed the underlying complaint seeking $41,379.28 — the sum of the original $2,650 loaned and $38,729.28 in interest. On the same day that Allen filed the complaint, the clerk of courts sent notice of entry of judgment to Appellant. On the following day, Allen filed a petition for leave to enter confessed judgment pursuant to Pa.R.Civ.P. 2952(a)(9). See Pa.R.Civ.P. 2952(a)(9) ("If the instrument is more than twenty years old, [confessed] judgment may be entered only by leave of court after notice and the filing of a complaint.").

Appellant did not file any petition to open or strike the confessed judgment. See Pa.R.Civ.P. 2959(a)(1) ("Relief from a judgment by confession shall be sought by petition."). However, on November 3, 2017, the trial court issued upon her a rule to show cause why judgment by confession should not be entered against her. The court also scheduled a hearing for December 18, 2017. On December 18th, however, the court entered a second order (December Order) rescheduling the hearing to April 11, 2018, "at which time all issues including Confession of Judgment and any defenses to the judgment may be heard as [Appellant] desires to strike or contest said judgment."

Order, 12/19/17.[2]

At the beginning of the hearing on April 11, 2018, Appellant — who still had not filed any petition to strike or open the confessed judgment — stated, without objection from Allen, that she was prepared to proceed on her "defense" to the confession of judgment. N.T. Hearing, 4/11/18, at 2. Allen then testified that in 1993, Appellant, whom he knew through his sister-in-law, asked to borrow money to pay taxes. Id. at 4-5. Around this time, Allen also sold a car to Appellant's then-18 year old daughter, Taryn Dorman, for approximately $5,000. Id. at 11, 33. Allen stated that he "financed [the car] for her" by retaining an "encumbrance" and keeping title until Taryn repaid the loan. Id. at 11-12. Taryn made regular monthly payments but ultimately sold the car, with the new owner paying the loan balance directly to Allen. Id. at 12. Allen stated that this car loan to Taryn was unrelated to the promissory note signed by Appellant. Id. at 12.

Following Allen's presentation of evidence, Appellant moved to "dismiss" the complaint on the ground that the promissory note was a consumer credit transaction, for which confession of judgment was improper. N.T., 4/11/18, at 27. See Pa.R.Civ.P. 2950 (defining an "action" for confession of judgment for money as "a proceeding to enter a judgment by confession for money

---

[2] Although the order is dated December 18, 2017, the order both was entered on the docket and time-stamped as "filed" on December 19th.

pursuant to an instrument, other than an instrument . . . in connection with a consumer credit transaction"). Appellant argued that the Rules of Civil Procedure broadly defined a "consumer credit transaction" as one in which the money borrowed was for personal, family, or household purposes and that here, regardless of whether she used the loan proceeds to pay taxes or buy a car, the $2,650 cash was for her personal use. N.T., 4/11/18, at 27-30; see also Pa.R.Civ.P. 2950 (defining "consumer credit transaction" as "a credit transaction in which the party to whom credit is offered . . . is a natural person and the money . . . which [is] the subject of the transaction [is] primarily for personal, family or household purposes"). Appellant compared the promissory note to the transaction in Willits v. Fryer, 734 A.2d 425 (Pa. Super. 1999), in which the defendants borrowed money from the plaintiff in connection with their purchase of a home owned by the plaintiff. N.T., 4/11/18, at 29. The court rejected Appellant's argument, finding that in this case, there was merely a "personal transaction between two people." Id. at 30.

Appellant then testified that Taryn bought the car from Allen for $3,650, of which Appellant paid $1,000, and the $2,650 promissory note was for the balance. N.T., 4/11/18, at 33. Appellant stated that Taryn repaid to Allen the full $2,650. Id. at 34. However, Appellant acknowledged that the promissory note was not the document she signed for the car loan. Id. at 37-39. Taryn likewise testified that the car note stated her name, and not her mother's name. Id. at 42.

The trial court found that nothing on the promissory note referenced any payment or security for a vehicle, and there was no evidence presented as to any transaction involving a vehicle. N.T., 4/11/18, at 44-45. The court acknowledged that a judgment of $38,729 of interest on a $2,650 note was "very harsh," but concluded that judgment in favor of Allen was authorized by the note. Id. at 45. The court thus "awarded" judgment in favor of Allen in the requested amount of $41,379.28. Id.

On April 24, 2018 Allen entered a praecipe for judgment. On May 18th, Appellant filed a notice of appeal along with a Pa.R.A.P. 1925(b) statement. On June 12, 2018, this Court issued a per curiam rule upon Appellant to show cause why this appeal should not be quashed because of her failure to file a petition to open or strike the confessed judgment.[3] Appellant responded that the trial court's December Order provided that it would hear, at the scheduled hearing, any defenses to the confessed judgment and arguments to strike or contest the judgment. Appellant's Letter, 6/26/18, at 2. Having received Appellant's response, this Court discharged the rule to show cause, but advised both parties that the discharge was not binding as a final determination, and that this panel could revisit the issue of waiver or quashal.

_____

[3] Whereas this Court's rule to show cause referred to Pa.R.Civ.P. 3051, Appellant correctly pointed out that Rule 3051, which applies to judgments non pros, does not apply to the confession of judgment in this case. See Pa.R.Civ.P. 3051(a) ("Relief from a judgment of non pros shall be sought by petition."). Nevertheless, as we discuss infra, Pa.R.Civ.P. 2959 applies.

Subsequently, on July 25, 2018, the trial court issued an opinion, which did not address the propriety of Appellant's appeal, but instead reviewed the merits of her claims.

On appeal, Appellant presents two related issues for our review:

1. Whether or not the trial court erred in applying the law; specifically, Pennsylvania Rule of Civil Procedure 2950, which abolishes a confession of judgment against a natural person in connection with a consumer credit transaction?

2. Whether or not the trial court erred by an abuse of discretion in its conclusion that a confession of judgment could be entered against . . . Appellant?

Appellant's Brief at 4.

"Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement." Neducsin v. Caplan, 121 A.3d 498, 505 (Pa. Super. 2015) (citation omitted).

Rules 2950 to 2967 of the Pennsylvania Rules of Civil Procedure govern confessions of judgment for money. A confession of judgment "action" under these rules is distinctly defined as "a proceeding to enter a judgment by confession for money pursuant to an instrument . . . authorizing such confession." Pa.R.Civ.P. 2950. Rule 2952 expressly authorizes the practice of allowing a party to file a complaint in confession of judgment without either a notice to defend or a notice to plead, and no responsive pleading is required (even if the complaint has a notice to defend or is endorsed with a notice to plead). Pa.R.Civ.P. 2952(b). . . . Instead, "A confession of judgment clause 'permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor . . .' to respond at that juncture." Because the creditor is entitled to file the complaint and enter judgment against the debtor without any appearance or response from the debtor, Pennsylvania's initial procedure for confessing judgments lacks "the hallmarks of an

adversary proceeding" until the debtor files a petition to strike off or open the judgment. Nevertheless, "[t]he record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict."

Generally, notice and service of a confessed judgment to the debtor is contemporaneous with the entry of the judgment against the debtor. See Pa.R.Civ.P. 2956 Note (referring to Rule 236(a)(1)) requiring prothonotary to give written notice to defendants of entry of confessed judgment by ordinary mail together with all documents filed with prothonotary in support of confession of judgment.") . . .

Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Rule 2959. See Pa.R.Civ.P. 2959. The debtor must raise all grounds for relief (to strike off or open) in a single petition, which can be filed in the county where the judgment was originally entered or in any county where the judgment has been transferred. Id. A party waives all defenses and objections which are not included in the petition or answer. See Pa.R.Civ.P. 2959(c).

Neducsin, 121 A.3d at 505-506 (some citations omitted and citations to Pa.R.Civ.P. reformatted). See also Pa.R.Civ.P. 2959(a)(1) ("Relief from a judgment by confession shall be sought by petition.").

Preliminarily, we note that the record reflects procedural missteps. First, as stated above, when Allen filed a complaint for confession of judgment on October 26, 2017, notice of entry of confessed judgment was concomitantly sent to Appellant. See Pa.R.Civ.P. 2956 & Note ("The prothonotary shall enter judgment in conformity with the confession."). At that point, confessed judgment against Appellant was in fact entered, and it was improper for the trial court to sua sponte issue rule to show cause on Appellant as to why a judgment by confession "should not be entered" and to convene a hearing.

See Neducsin, 121 A.3d at 505 ("Because the creditor is entitled to file the complaint and enter judgment against the debtor without any appearance or response from the debtor, Pennsylvania's initial procedure for confessing judgments lacks 'the hallmarks of an adversary proceeding' until the debtor files a petition to strike off or open the judgment."). We note that although Rule 2959(b) provides that the trial court shall issue a rule to show cause when a defendant's petition to open or strike states prima facie grounds for relief, there is no analogous provision for a rule to show cause following the filing of a complaint. See Pa.R.Civ.P. 2959(b).

Further, Appellant's oral motion at the April 11, 2018 hearing to "dismiss" Allen's complaint, when confessed judgment was already entered, was procedurally flawed. See N.T. 4/11/18, at 27. As discussed above, Appellant did not file a written petition to open to open or strike. In her response to this Court's rule to show cause, Appellant relied on the trial court's December Order, which permitted her to present a defense or argument to strike or contest the confessed judgment at the hearing. However, Appellant did not cite, and we are unaware of, any authority addressing whether a party may orally challenge a confessed judgment. On the other hand, we note that in this case, Allen did not object to the trial court's rule to show cause or to the hearing itself, and that even despite this Court's rule to show cause, Allen has advanced no argument that Appellant's claims should be deemed waived for failure to comply with Rule 2959(a)(1).

Under the particular and unusual facts of this case, including the lack of objection from Allen, we do not disturb the trial court's actions of sua sponte convening a hearing and affording Appellant the opportunity to present a defense or argument in opposition to the confessed judgment. See Dollar Bank v. Swartz, 657 A.2d 1242, 1245 (Pa. 1995) ("An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court. . . . It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court."). Rather, mindful of the procedural irregularities, we examine Appellant's issues.

Appellant asserts that the trial court misinterpreted Rule 2950, which prohibits a confessed judgment arising from a consumer credit transaction. She again refers to Willits, 734 A.2d 425, in which this Court stated that Rule 2950 broadly defined a "consumer credit transaction" "in order to ensure fairness for [people] when they engage in credit transactions relating to personal, family, and household matters." Appellant's Brief at 10. She avers that Rule 2950 does not contemplate the nature of the entity or individual extending the credit, but instead "is only concerned with whether . . . the individual receiving the credit is a natural person." Id. at 11-12. Appellant then reiterates that here, regardless of whether she used the $2,650 loan from Allen to pay taxes or buy a car, she has established that "the credit extended to" her was for personal or household use. Id. at 11. Appellant

contends that the trial court should have "dismiss[ed]" the petition to confess judgment. Id. at 12. We disagree.

This Court has stated:

In adjudicating the petition to strike and/or open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury. A meritorious defense is one upon which relief could be afforded if proven at trial.

In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law.

Ferrick v. Bianchini, 69 A.3d 642, 647 (Pa. Super. 2013) (citations omitted).

[A] petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. "[T]he record must be sufficient to sustain the judgment."

Neducsin, 121 A.3d at 504.

Rule 2950 sets forth the following definitions:

"[A]ction" means a proceeding to enter a judgment by confession for money pursuant to an instrument, other than an instrument executed by a natural person in connection with a consumer credit transaction, authorizing such confession.

\*　　\*　　\*

"[C]onsumer credit transaction" means a credit transaction in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes.

Pa.R.Civ.P. 2950 (emphasis added). This Court has stated:

- 10 -

> When construing a rule of civil procedure, our objective is to ascertain and effectuate the intent of our Supreme Court. Pa.R.Civ.P. 127(a). In so doing, we begin with a presumption that the Supreme Court did not intend language to exist as mere surplusage; therefore, "every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Willits, 734 A.2d at 427 (citation to Pa.R.Civ.P. reformatted).

In Willits, the plaintiff loaned the defendants $2,900, which the defendants applied to closing costs in connection with their purchase of a home owned by the plaintiff. Id. at 426. The defendants signed a promissory note, but when they failed to make any monthly payments, the plaintiff petitioned for a confession of judgment. Id. The defendants' subsequent petition to strike was denied. Id. On appeal to this Court, the defendants argued that the promissory note was a "consumer credit transaction" under Rule 2950 and thus confessed judgment was improper. Id. at 427. This Court agreed, concluding that under the plain language of Rule 2950 "it appears that a transaction financing closing costs for the purchase a residential home is a 'transaction . . . primarily for personal, family or household purposes.'" Id. We considered, in pertinent part, "existing case law interpreting the definition of 'consumer,'" and noted "that the federal courts have found a wide variety of transactions including those involving credit for home improvement, investment loans, and legal fee arrangements all to be "consumer credit transactions.'" Id. at 428 (citations omitted). This Court thus reversed the denial of the defendants' petition to strike the confessed judgment. Id.

While focusing on whether the money received in a transaction will be used primarily for personal, family, or household purposes, nothing in Appellant's argument addresses the term "consumer" in the definition of "consumer credit transaction." See Pa.R.Civ.P. 2950; Willits, 734 A.2d at 427. In rejecting Appellant's reliance on Willits, the trial court opined that in that case, the plaintiff made "some kind of business transaction and . . . financed part of it," whereas in this case, Allen did not extend to Appellant any credit or seller financing in connection with a purchase. N.T., 4/11/18, at 30 (emphasis added); see also Trial Court Opinion, 7/25/18, at 4-5 ("The evidence and testimony presented by Allen, and believed by the Court as fact-finder, determines that the note was executed to secure a personal loan from Allen to [Appellant]. As such, the note was subject to confession of judgment."). We agree. Appellant has not established that the court abused its discretion or committed an error of law. See Ferrick, 69 A.3d at 647. Accordingly, we affirm the judgment in favor of Allen.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2018

- 12 -