J-S19034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.M., | : | |
| | : | |
| Appellant | : | No. 1895 EDA 2019 |

Appeal from the Order Entered May 30, 2019
in the Court of Common Pleas of Chester County
Civil Division at No(s): 2009-05033-DI

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: June 11, 2020

J.M. ("Husband") appeals from the Order denying his "Petition for Special Relief in the Nature of a Request to Open the Divorce Matter for Production of an Accounting and Joinder of an Indispensable Party as well as a Finding of Contempt" ("Petition"). We affirm.

The trial court summarized the relevant history underlying the instant appeal as follows:

> [Husband and S.M. ("Wife")] married in April 2000. One child, who is still a minor, was born to them during the marriage. [Wife] filed a Divorce Complaint on May 1, 2009.

> After extensive discovery disputes, several interim proceedings, and five settlement conferences before the [e]quitable [d]istribution [m]aster, the parties resolved their equitable distribution and support issues via [a] marital agreement [("Agreement")] placed on the record before [a hearing master] on June 22, 2017. Each party waived their right to file exceptions[,] and agreed [that] they had disclosed all marital and non-marital assets and liabilities. A portion of their [Agreement] involved their companion support matter; they

agreed that their monthly net incomes were "as determined by tax returns." The [] [A]greement was incorporated into the Divorce Decree [("Decree")] entered [on] November 6, 2017.

At a subsequent … child support settlement conference a year later (November 27, 2018), [Wife] acknowledged that (at some point) during the divorce litigation, she gave her mother $3,000.00 to hold for her. She stated that the funds came from her post-separation earnings[,] which earnings were fully disclosed on her relevant tax returns. She claimed that she entrusted the funds to her mother because she had been saving to pay first and last months' rent and security deposit for her eventual departure from the marital real estate and she didn't want to spend it.

Through counsel, [Husband] filed the instant Petition on December 6, 2018, asserting that the $3,000.00 was an asset (either marital or non-marital) that should have been disclosed, and the failure to do so calls into question the veracity of all [of Wife's] disclosures and the fairness of the [A]greement.

[Wife] respond[ed] that not only did she disclose her multiple sources of employment income, she filed tax returns reporting it through the divorce litigation; they were part of the record, and were taken into account when the parties determined their child support and alimony *pendente lite*.

Trial Court Opinion, 10/25/19, at 2-3.

The trial court ordered the parties to brief the issues, after which it entered an Order denying Husband's Petition. Husband subsequently filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Husband presents the following claims for our review:

1. Did the trial court err when it failed to hold a hearing with regard to Husband's [Petition] and instead based its decision, including a determination of the credibility of the parties, solely on the written argument of the parties' counsel?

- 2 -

2. Did the trial court err when it failed to order that the divorce action be opened[,] given the fraud Wife perpetrated on the [c]ourt?

3. Did the trial court err when it failed to even consider the imposition of a [c]onstructive [t]rust with respect to the money given by Wife to her mother[,] even though the amount admitted to be given by Wife to her mother was in excess of the statutory amount required for said [c]onstructive [t]rust?

4. Did the trial court err when it failed to rule on or even consider ordering that Wife's mother be named an indispensable party and joined to the divorce action[,] so [that] the [c]ourt had jurisdiction over the discovery and disposition of the funds provided by Wife in her custody and control?

5. Did the trial court err in refusing to find Wife in contempt and sanction her willful violations of [the trial court's] [O]rders and for her perjury, including an award of counsel fees and costs, making credibility determinations and findings of fact without testimony and without the submission of any evidence?

6. Did the trial court err when it failed to even consider ordering an accounting and permit discovery with regard to the money given by Wife to her mother to "hold for her" during the pendency of the divorce matter?

Brief for Appellant at 4-5 (issues renumbered).

Initially, we observe our standard of review: "A trial court's exercise or refusal to exercise its authority to open, vacate, or strike a divorce decree is reviewable on appeal for an abuse of discretion." **Bardine v. Bardine**, 194 A.3d 150, 152 (Pa. Super. 2018).

Husband first claims that the trial court improperly failed to hold a hearing on his Petition. Brief for Appellant at 15. Husband claims that the trial court rendered credibility determinations and found facts, without first holding an evidentiary hearing. **Id.** at 16. According to Husband, there was

no evidence upon which the trial court could render these findings. ***Id.*** at 16-17. However, Husband provides no analysis and no citations to relevant legal authorities to support his bald assertion.

As this Court has explained,

> [t]he Rules of Appellate Procedure require the argument section of an appellate brief to include "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, … 985 A.2d 915, 925 (Pa. 2009) …; ***see also In re C.R.***, … 113 A.3d 328, 336 (Pa. Super. 2015) … ("This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue.").

***Lechowicz v. Moser***, 164 A.3d 1271, 1276 (Pa. Super. 2017). Consequently, we cannot grant Husband relief on this claim. ***See id.***

In his second claim, Husband argues that the trial court improperly failed to open the Decree, "given the fraud [that] Wife perpetrated on the court." Brief for Appellant at 17. Husband contends that Wife committed fraud by the following actions:

- Wife's pretrial statement did not provide the required full disclosure of both marital and non-marital assets along with their values.

- Wife's inventory pursuant to Pa.R.C.P. 1920.33(a) did not list all property owned or possessed by either party, as required.

- Wife's inventory of property pursuant to 23 Pa.C.S.A. [§] 3505(b) did not list all property owned or possessed by either or both of them on the date of acquisition, the date of separation or thirty days prior to the equitable distribution hearing[.]?

Brief for Husband at 18-19.

As this Court has explained,

[p]etitions to open the decree must be filed within 30 days. During this 30-day period, the court holds wide discretion to modify or rescind its decree. The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30-day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court. ... [A] general plea to economic justice will not satisfy the stringent standard set forth above. **After 30 days, the divorce decree may be vacated only as a result of extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect apparent on the face of the record.**

*Melton v. Melton*, 831 A.2d 646, 651 (Pa. Super. 2003) (internal citations and quotation marks omitted) (emphasis added).

In its Opinion, the trial court addressed this claim and concluded that it lacks merit. *See* Trial Court Opinion, 10/25/19, at 3-6. We agree with the sound reasoning of the trial court, and affirm on this basis with regard to Husband's second claim. *See id.*; *see also Major v. Major*, 518 A.2d 1267, 1273 (Pa. Super. 1986) (concluding that the failure to disclose an asset, *i.e.*, a military pension, did not amount to extrinsic fraud).

In his third claim, Husband argues that the trial court erred when it failed to consider the imposition of a constructive trust, "with regard to the money given by Wife to her mother[.]" Brief for Appellant at 20. According to Husband, the trial court improperly ignored his request that a constructive trust be imposed. *Id.* Husband contends that, pursuant to 23 Pa.C.S.A. § 3502, the remedy of a constructive trust is not bound by the time

constrictions of fraud, "rather, it may be raised at any time where it appears that there is nondisclosure of an asset valued more than $1000." *Id.* at 21. Husband argues that it is unclear whether the source of the funds given by Wife to her mother was marital or non-marital. *Id.* Husband asserts that Wife failed to disclose the amount and location of these "secreted funds." *Id.* at 22. Husband asserts that the trial court should have imposed a constructive trust and directed Wife to disclose the true nature and amount of the previously undisclosed funds during the divorce proceedings. *Id.*

Our review of the record discloses that, in his Petition, Husband expressly sought to open the Decree "to consider Wife's true financial circumstances[,]" and to join Wife's mother as an indispensable party to the divorce matter. Petition, 12/6/18, at 5 (unnumbered). Husband averred that the Agreement "was made without the knowledge of this money that could be partly marital and should be considered when determining the financial circumstances of the parties upon the entry of the [Decree]." *Id.* at 5 (unnumbered).

Husband filed his Petition seeking the opening of the Decree, based upon section 3332 of the Divorce Code. *See* 23 Pa.C.S.A. § 3332. Section provides as follows:

**§ 3332. Opening or vacating decrees**

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.[A.] § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud

- 6 -

or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3322.

Husband's Petition did not seek the imposition of a constructive trust, which remedy is provided under section 3505 of the Divorce Code, *see* 23 Pa.C.S.A. § 3505; rather, the relief sought by Husband required opening of the Decree pursuant to section 3332. *See* Petition, 12/6/18. We discern no abuse of discretion or error by the trial court in addressing only the request for relief set forth in the Petition. *See Kozel v. Kozel*, 97 A.3d 767, 770 (Pa. Super. 2017) (recognizing that "section 3505 [is] an alternative and distinct cause of action to section 3332."). Accordingly, Husband is not entitled to relief on this claim.

In his fourth claim, Husband argues that the trial court improperly failed to consider or address his request that Wife's mother be named an indispensable party and joined to the divorce action. Brief for Appellant at 22. However, because Husband failed to establish extrinsic fraud warranting the opening of the Decree, this claim is moot.

Similarly, in his fifth claim, Husband argues that the trial court improperly failed to address Husband's claim for an accounting. *Id.* at 26.

Husband argues that the trial court improperly failed to permit discovery regarding funds given by Wife to her mother. *Id.* However, we discern no error or abuse of discretion by the trial court in not addressing or ordering an accounting, where Husband had failed to establish the extrinsic fraud required to open the Decree. As such, we cannot grant Husband relief on this claim.

Finally, Husband argues that the trial court improperly denied Husband's request to find Wife in contempt of the trial court's prior Orders. *Id.* at 24. However, in his brief, Husband does not identify the Orders at issue, beyond a citation to a page in the Reproduced Record on which the scheduling Order for the fourth settlement conference is depicted ("Scheduling Order"). *Id.* at 25. Our review of the certified record discloses that the Scheduling Order directed the parties to produce certain items at a settlement conference. Scheduling Order, 5/9/16. In his brief, Husband does not set forth the provision of the Scheduling Order purportedly violated by Wife, or how it established extrinsic fraud warranting the opening of the Decree. Consequently, this claim is waived. *See M.Z.T.M.W.*, 163 A.3d 465, 462 (Pa. Super. 2017) (recognizing that this Court will not review a claim unless it is developed in the argument section of the appellant's brief).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/20

 **S▮▮▮▮ M▮▮▮▮**

Plaintiff,

vs.

 **J▮▮ M▮▮▮▮**

Defendant.

IN THE COURT OF COMMON PLEAS

CHESTER COUNTY, PENNSYLVANIA

CIVIL ACTION-LAW

NO. 2009-05033-DI

Dolores M. Troiani, Attorney for Plaintiff
Barbara Schneider, Attorney for Defendant

## DECISION

This matter comes before me on Defendant J▮▮ M▮▮▮'s "Petition for Special Relief in the Nature of a Request to Open the Divorce Matter for Production of an Accounting and Joinder of an Indispensable Party as well as a Finding of Contempt." Plaintiff S▮▮▮ M▮▮▮ filed an Answer thereto, and the parties have submitted memoranda of law.

The primary issue at bar is whether Plaintiff's (S▮▮▮n) failure to disclose $3,000 being held by her mother for some period during their 8 years of divorce litigation amounts to extrinsic fraud justifying the opening of the parties' November 6, 2017 Divorce Decree. If the divorce is opened, Defendant (J▮▮) seeks extensive discovery of S▮▮▮'s "true" financial circumstances during the divorce, and accounting of all funds given to third parties, the joinder of S▮▮▮'s mother, as well as a finding of contempt and sanctions. If, on the other hand, extrinsic fraud is not found, the Divorce Decree will not be opened and the parties will continue to be bound by their marital agreement which was incorporated into their Divorce Decree.

Secondarily, J▮▮ seeks to have S▮▮▮ held in contempt for failing to disclose assets as required by discovery and pretrial conference Orders.

1

For the reasons that follow, I find neither extrinsic fraud nor contempt, and have denied both parties' request for counsel fees.

**BACKGROUND**

The parties were married in April 2000. One child, who is still a minor, was born to them during the marriage. S▓▓▓ filed a Divorce Complaint on May 1, 2009.

After extensive discovery disputes, several interim proceedings, and five settlement conferences before the Equitable Distribution Master, the parties resolved their equitable distribution and support issues via marital agreement placed on the record before Master Julia Malloy-Good on June 22, 2017. Each party waived their right to file exceptions and agreed they had disclosed all marital and non-marital assets and liabilities. A portion of their global agreement involved their companion support matter; they agreed that their monthly net incomes were "as determined by tax returns." The marital agreement was incorporated into the Divorce Decree entered November 6, 2017.

At a subsequent Long Day child support settlement conference a year later (November 27, 2018), S▓▓▓ acknowledge that (at some point) during the divorce litigation, she gave her mother $3,000.00 to hold for her. She stated that the funds came from her post-separation earnings which earnings were fully disclosed on her relevant tax returns. She claimed that she entrusted the funds to her mother because she had been saving to pay first and last months' rent and security deposit for her eventual departure from the marital real estate and she didn't want to spend it.

Through counsel, J▓▓ filed the instant Petition on December 6, 2018, asserting that the $3,000.00 was an asset (either marital or non-marital) that should

2

have been disclosed, and failure to do so calls into question the veracity of all S██████'s disclosures and the fairness of the agreement.

S██████ responds that not only did she disclose her multiple sources of employment income, she filed tax returns reporting it throughout the divorce litigation; they were part of the record, and were taken into account when the parties determined their child support and alimony pendente lite.

## LEGAL ISSUE – EXTRINSIC FRAUD

As a general rule, the ability of a Court to alter an Order or Decree is very limited. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry…if not appeal from such order has been taken or allowed." 42 Pa. C.S.A. §5505.

Within the divorce setting, that general rule also applies. However, the Divorce Code also sets forth circumstances under which the Court may take action beyond the 30 day limit. 23 Pa. C.S.A. §3332 provides that:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa. C.S. §5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matter collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

The instant Petition was brought more than a year after the entry of the Divorce Decree. J████ asserts that S██████'s failure to disclose the $3,000.00

3

savings held by her mother is <u>extrinsic</u> fraud which precluded him form a fair hearing. If that is shown, the time limit to open is extended to five (5) years, and his filing would be timely. Not surprisingly, S███████ denies that her failure to explicitly disclose what she characterizes as a relatively small amount of post-separation savings was fraudulent, thus requests the Decree not be opened.

The intent of statutory limits on opening or modifying orders is to establish finality in litigation where the parties have had their "day in court." As important as finality is to our judicial system, the Court is not expected to throw up its hands if it determines its judgment was reached as a result extrinsic fraud.

> "By the expression of 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from Court by false promise of compromise or keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud on such case is extrinsic or collateral to the question determined by the Court. The reason for the rule is that there must be an end to litigation..."

*Fenstermaker v. Fenstermaker*, 502 A.2d 185, 188 (Pa. Super. 1985), quoting McEvoy v. Quaker City Cab Co., 110 A. 366, 368 (Pa. 1920).*See Bardine v. Bardine*, 194 A.3rd 150, 153 (Pa. Super. 2018).

In *Fenstermaker*, the Superior Court upheld a finding of extrinsic fraud where Appellant had been justifiably lulled into not appealing a Divorce Decree by assurances that property settlement negotiations would be ongoing.

Similarly in *Foley v. Foley*, 572 A.2d 6 (Pa. Super. 1990), the husband's intimidation of wife justified the vacation of the Divorce Decree fifteen months after its entry because "the actions of appellant did intimidate appellee to the extend she was

4

fearful of undertaking any effort to secure the economic justice to which she was entitled,…because she was thereby denied an opportunity for a fair trial [the wife] had established the existence of extrinsic fraud." *Id* at 9.

The value of marital or non-marital property is a central issue in divorce proceedings. Under no circumstances can it be considered "collateral" where ancillary relief is pleaded, subject to intensive discovery and negotiated at length.

Indeed, the failure to disclose an asset or investment as to the value of an asset does not in itself justify vacating a Divorce Decree, particularly where, as here, the stipulated property settlement was arrived at by extensive and counseled negotiation. *See Ratarsky v. Ratarsky*, 557 A.2d 23 (Pa. Super. 1989). *See also Bardine v. Bardine*, 194 A.3rd 150 (Pa. Super. 2018).

In the instant case, the parties had been litigating issues with the divorce for more than 8 years. They attended at leave five (5) settlement conferences before the Special Master. They reached a counseled, thorough property settlement agreement resolving all economic claims, including support. S███████'s post-separation earnings from her multiple jobs was disclosed and documented by tax returns. The disposition of post-separation (non-marital) income is not explicitly required to be disclosed by the Divorce Code, although it could be argued (as John has) that ongoing disclosure of even non-marital assets is required.

S███████ persuasively argues that even if disposition of her earnings is mandated, there has been no prejudice to J███. Her full income (including anything she was able to save from it) was used in negotiating the property settlement as well as arriving at a support and alimony pendente lite figure. It is well settled that money included in the calculation of income available for support may not also be included

5

as a marital asset subject to equitable distribution. *Berry v. Berry*, 898 A.2d 1100 (Pa. Super. 2006).

Unlike the circumstances where extrinsic fraud was found in *Fenstermaker* and *Foley*, here there was unhindered access to legal process (repeatedly) and S████ did not preclude J██ from negotiating a fair settlement (or having a trial if he had so desired). The issue of Shannon's earnings was central to the divorce and support matters, and was fully disclosed. Having utilized her post-separation earnings to calculate support as part of their agreement, those same funds could not have been considered as available for distribution in equitable distribution.

For the foregoing reasons, I do not find that J██ has met his burden of establishing extrinsic fraud sufficient to justify opening the Divorce Decree entered November 6, 2017.

## CONTEMPT

J██ argues that S████ has violated the various discovery and/or settlement conference Orders issued during the pendency of the divorce, requiring the parties to produce documentation of all marital and non-marital assets.

"To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that:
> (1) The contemnor had notice of the specific order or decree which he is alleged to have disobeyed;
> (2) The act constituting the contemnor's violation was volitional; and
> (3) The contemnor acted within wrongful intent."

*Thomas v. Thomas*, 194 A.3rd 220, 226 (Pa. Super. 2018), quoting *MacDougal v. MacDougal*, 49 A.3rd 890, 892 (Pa. Super. 2012). Nevertheless, "a mere showing of non-compliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." *Thomas, supra* at 226, quoting *Habjan v. Habjan*, 73 A.3rd 630, 637 (Pa. Super. 2013).

6

S▆▆▆ knew she was under an obligation to disclose to J▆▆and the Court all her marital and non-marital assets. She believes she did so, and argues that she has no obligation to disclose the disposition of her post-separation earnings. I interpret J▆▆s argument to be that if post-separation earnings become savings, any savings account or fund is a disclosable non-marital asset.

Even if I accept J▆▆'s position, *arguendo*, it does not by itself allow a finding of civil contempt. J▆▆ must also convince me that S▆▆▆'s failure to disclose was intentional and done with wrongful intent.

I am not persuaded that S▆▆▆ willfully failed to disclose assets. She assumed, as argued by her counsel, that the only relevance to her post-separation earnings (and J▆▆'s, as well) was in determining their respective support obligations. S▆▆▆ did provide post-separation tax returns in both the divorce and support aspects of the divorce proceedings.

Thus, I find that S▆▆▆'s failure to disclose the disposition of her post-separation earnings was arguably misguided, there is no proof it was done willfully or with wrongful intent.

Accordingly, J▆▆'s request that I hold S▆▆▆ in contempt is denied.

## COUNSEL FEES

Both J▆▆ and S▆▆▆ seek counsel fees. J▆▆ seeks them as a sanction for S▆▆▆'s alleged contempt. As I have not found S▆▆▆ to have willfully failed to comply with the Orders, I will not sanction her for her "mere" non-compliance.

S▆▆▆ seeks counsel fees under 42 Pa. C.S.A. §2503(7) and/or (9), which provide for an award of reasonable counsel fees to:

(7) any participant...as a sanction against another participant of dilatory obdurate or vexatious conduct during the pendency of the

7

matter…

(9) any participant…because the conduct of the other party in commencing the matter…was arbitrary, vexatious or in bad faith.

S███████ claims that brining the Petition to Open was arbitrary and done in bad faith. She asserts that at the 2018 support conference when she produced the deposit slip which showed the $3,000.00 her mother had been holding for her, no request for explanation or clarification was made – formally or informally. He simply filed this Petition alleging fraud.

While I have ultimately determined that the relief he seeks is unavailing, I cannot conclude that he acted in bad faith. Thus, no fees will be awarded.

BY THE COURT:

_____
Katherine B. L. Platt,                     J.

8